IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael D. MANDELMAN, Attorney at Law. [Case No.
93–1839–D.]

IN the MATTER OF the PETITION FOR LICENSE REINSTATE-
MENT OF Michael D. MANDELMAN. [Case No.
89–0170–D.]

Supreme Court

*Nos. 89–0170–D, 93–1839–D. Filed April 20, 1994.*

(Also reported in 514 N.W.2d 11.)

583

PER CURIAM. *Attorney disciplinary proceeding and license reinstatement proceeding; discipline imposed and reinstatement denied.*

Consolidated for review are the report of the referee in Case No. 93–1839–D recommending a retroactive suspension of the license of Michael D. Mandelman to practice law in Wisconsin as discipline for professional misconduct and the recommendations of the Board of Attorneys Professional Responsibility (Board) and Board of Bar Examiners that Mr. Mandelman's petition for reinstatement of his license to practice law following a disciplinary suspension imposed in 1990 be denied. We determine that the retroactive license suspension is appropriate discipline to impose for Attorney Mandelman's professional misconduct established in the disciplinary proceeding and that his petition for license reinstatement from the prior disciplinary suspension should be denied.

Attorney Mandelman was admitted to practice law in Wisconsin in 1980 and practiced in the Milwaukee area. The court suspended his license to practice law for one year, commencing November 12, 1990, as discipline for misconduct. That misconduct consisted of 27 violations of the attorney ethics rules, including repeated neglect of client matters, failure to return client files promptly, contacting persons injured in an auto accident to obtain professional employment and representing multiple clients with adverse interests, settling a client's claim without authorization, misrepresenting to the Board of Attorneys Professional Responsibility work he had performed on a client's behalf, attempting to limit his potential malpractice liability to a client, failing to communicate with clients, compensating persons to recommend his employment or as a reward for employment recommendation, fail-

584

ing to responsibly manage his client trust account and failure to cooperate with the Board in its investigation of client grievances. *Disciplinary Proceedings Against Mandelman*, 158 Wis. 2d 1, 460 N.W.2d 749 (1990). His license has not been reinstated since that suspension.

Pursuant to a stipulation by which Attorney Mandelman admitted allegations of misconduct in the complaint of the Board of Attorneys' Professional Responsibility, the referee, Attorney Kathleen Callan Brady, made the following findings of fact. Prior to the suspension of Attorney Mandelman's license to practice law in 1990, he requested legal assistance from other attorneys in numerous client files and transferred client files without having sought or obtained the consent of those clients and revealed information to third persons relating to his representation of those clients. The referee concluded that Attorney Mandelman thereby violated SCR 20:1.6(a),[1] which prohibits a lawyer from revealing information relating to representation of a client unless the client consents after consultation.

In May, 1989, Attorney Mandelman was retained to represent a woman's son, who had been injured in a bus accident. The only activity Attorney Mandelman undertook from the time of retainer through October, 1990, was to send a demand letter to the bus company on October 30, 1990. Throughout that period, Attorney Mandelman did not return the client's repeated tele-

---

[1] SCR 20:1.6 provides:

**Confidentiality of information**

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d).

phone calls. In June, 1990, when the client told his office that she had contacted the State Bar, Attorney Mandelman asked her to forego filing a grievance against him if he settled her son's case within one week. One week later Attorney Mandelman called the client and asked for another week to settle the case. He canceled two appointments with the client in August, 1990 but met with her in late September, after the client had filed a grievance with the Board. The referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3,[2] and failed to respond to her requests for information and keep her reasonably informed of the status of her matter, in violation of SCR 20:1.4(a).[3]

Attorney Mandelman was retained in October, 1985 to represent a woman injured in a fall. He filed an action against the business where the fall occurred and after several trial adjournments, the court on June 24, 1990, ordered new counsel to be substituted for him by August 13 or the case would be dismissed. Attorney Mandelman referred the case to another attorney for review but did not tell him or the client that substitution of counsel was ordered to be filed by August 13, 1990. On September 11, 1990 the court dismissed the action *ex parte* for failure to substitute counsel. The

---

[2] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in this matter, in violation of SCR 20:1.3.

In June, 1982, Attorney Mandelman was retained to represent a man in a worker's compensation claim. The following year Attorney Mandelman's office told the client that his file could not be found and, despite repeated contacts from the client between 1984 and 1990, Attorney Mandelman did not locate the file, did not meet with the client and did not reconstruct the file in order to pursue the client's claim. There was no record in the Worker's Compensation Division office that any claim had been filed on the client's behalf. The referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in representing this client, in violation of former SCR 20.32(3)[4] and current SCR 20:1.3.

Attorney Mandelman was retained in April, 1990 to represent a man in a traffic matter, for which he was paid a $100 retainer. Attorney Mandelman failed to appear in municipal court on the client's behalf and pay the citation or enter a plea and, as a result, default judgment in the amount of $61 was entered against the client. When Attorney Mandelman refused to return the client's retainer, the client filed a small claims action in December, 1990. The court entered a decision in favor of the client in the amount of $184 on February 22, 1991 and, absent objection by Attorney Mandelman, that decision would have been entered as a judgment on March 6. However, counsel for Attorney

---

[4] Former SCR 20.32 provided:

**Failing to act competently**
    A lawyer may not:
    . . .
    (3)   Neglect a legal matter entrusted to the lawyer.

Mandelman filed a demand for trial on March 1, 1991. Attorney Mandelman subsequently paid the client $184 on April 23, 1991 and the client agreed to the dismissal of the small claim's action. The referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3, and that his failure to refund the client's retainer which he had not earned violated SCR 20:1.16(d).[5]

In the summer of 1985, Attorney Mandelman was retained to represent a man in a medical malpractice action for acts that occurred in January, 1985. On March 31, 1989 the defendant moved to dismiss on the ground that the applicable statute of limitations had expired. Attorney Mandelman stipulated to a dismissal of the complaint, which the court approved on August 11, 1989, but he did not advise his client of the statute of limitations problem or the dismissal of the action until November, 1990, when the client inquired about the status of the case. Attorney Mandelman had also delayed filing a request for mediation of the medical malpractice claim until after the statute of limitations had expired. The referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3, and failed to keep the client reasonably

---

[5] SCR 20:1.16 provides:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

informed of the status of the matter, in violation of SCR 20:1.4(a).

In July, 1985, Attorney Mandelman was retained to represent a man in several matters, including a personal injury claim. Attorney Mandelman was informed by an insurer that coverage of the driver of the other vehicle was being denied because the driver was operating it without the insured's permission. Shortly before the statute of limitations was to expire on the client's claim, Attorney Mandelman filed a complaint against the insurer of the vehicle's owner but not against the driver. He failed to investigate whether there was insurance coverage applicable to the driver, take discovery on the issue or pursue the driver of the vehicle. The referee concluded that Attorney Mandelman failed to act with reasonable diligence and promptness in this matter, in violation of SCR 20:1.3.

Following his license suspension in 1990, Attorney Mandelman obtained an extension of time to wind up his practice to December 10 of that year. He failed to audit and disburse client funds from his trust account and make all arrangements for winding up his practice within the time permitted by the court. As of June 30, 1991, his client trust account remained open, with a balance of approximately $7,400. A month later, he deposited $25,000 of his own funds into that account. Prior to the license suspension, he had not kept or maintained complete records of trust account funds and other trust property, such as a cash receipts journal, a disbursements journal or a subsidiary ledger. The referee concluded that Attorney Mandelman's commingling of his own funds in his trust account violated SCR 20:1.15(a)[6] and his failure to keep complete

---

[6] SCR 20:1.15 provides in pertinent part:

records of his trust account violated SCR 20:1.15(e);[7] his failure to audit and disburse client funds within the time specified by the court following the suspension of his license violated SCR 22.26(3).[8] On his State Bar dues statements for fiscal 1990 and 1991, Attorney Mandelman falsely certified that he had complied with all record-keeping requirements concerning his trust account, which the referee concluded was a violation of SCR 20:1.15(g).[9]

**Safekeeping property**

    (a)  A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. . . .

[7] SCR 20:1.15 provides in pertinent part:

**Safekeeping property**

    . . .

    (e)  Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. . . .

[8] SCR 22.26 provides in pertinent part:

**Activities on revocation of suspension of license**

    . . .

    (3)  A suspended or disbarred attorney shall make within the first 15 days after the effective date of disbarment or suspension, all arrangements for the permanent or temporary closing of or winding up of the attorney's practice and may only aid in having others take over clients' work in process. . . .

[9] SCR 20:1.15 provides in pertinent part:

**Safekeeping property**

    . . .

    (g)  A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the

In May, 1991, the Board asked Attorney Mandelman to produce his trust account records, including specified trust account checks. Although he agreed to do so, when he provided a bank statement to the Board on June 10, 1991, he did not provide those checks. The Board ultimately obtained some of those checks by subpoena to the bank, following which Attorney Mandelman provided the same records to the Board. The referee concluded that Attorney Mandelman's failure to produce the checks and records pursuant to the Board's request violated SCR 20:1.15(f).[10]

In determining discipline to be recommended for Attorney Mandelman's misconduct, the referee noted that some of the violations concerning Attorney Mandelman's handling of his trust account occurred after his license had been suspended in 1990 and considered those violations as more properly addressed at such time the court considers Attorney Mandelman's petition for reinstatement of his license from the suspension. Accordingly, the referee recommended as discipline for his professional misconduct that occurred prior to the license suspension that Attorney

member maintains a trust account, safe deposit box, or both, as required by this section. . . .

[10] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

Mandelman's license to practice law be suspended for 18 months, retroactive to the date following the expiration of the prior one-year suspension. That recommendation took into account that Attorney Mandelman's neglect and failure to communicate with clients established in this proceeding constituted professional misconduct similar in nature to much of the misconduct for which his license previously was suspended.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended retroactive 18-month license suspension is appropriate discipline to impose for Attorney Mandelman's professional misconduct established in this proceeding that occurred prior to his 1990 license suspension. The Board and Attorney Mandelman had stipulated that an 18-month license suspension would constitute appropriate discipline. Because that misconduct occurred prior to the 1990 disciplinary proceeding and Attorney Mandelman's license has remained suspended well beyond the period of suspension previously imposed, the discipline we impose for that misconduct is made retroactive to the expiration of the earlier license suspension.

We now address Attorney Mandelman's petition for reinstatement of his license to practice law following the 1990 suspension. On the basis of the trust account violations set forth above that occurred following his earlier suspension and his incomplete and, at times, evasive responses to the Board and the district professional responsibility committee in the reinstatement proceeding, we deny that petition. Further, the Board of Bar Examiners, in a memorandum filed February 10, 1994, informed the court that Mr. Mandelman has not complied with the continuing legal

education requirements established for his reinstatement and most recently did not respond to the Board of Bar Examiners' letter of January 4, 1994 informing him of his failure to comply.

Mr. Mandelman filed a petition for license reinstatement on December 9, 1991 but when the Board of Attorneys Professional Responsibility sent him a reinstatement questionnaire shortly thereafter, he did not submit a response, and then only an incomplete one, until May 15, 1992. Supplemental information he subsequently provided was also an incomplete response to the questionnaire and, in respect to questions concerning the nature of his business relationships during the period of license suspension, the information he provided was evasive.

When the Board referred the reinstatement petition to the district professional responsibility committee, that committee encountered similar difficulties in obtaining information from Mr. Mandelman. He failed to provide satisfactory transcripts of courses he claimed to have taken at a law school and refused to sign an authorization to enable the committee to obtain those transcripts. He also did not disclose to the Board or to the committee information regarding a company he had listed on a financial statement to a lending institution as a source of income and place of employment.

During the reinstatement proceeding, it was established that while his reinstatement petition was pending, Mr. Mandelman issued a check from his client trust account in payment of a former client's personal injury claim, notwithstanding that it had previously been determined that the settlement of that claim and others related to it had been made by an insurer based on a mistaken belief that there was coverage. The

insurer subsequently recovered its payments from Mr. Mandelman's professional malpractice insurer. The district committee concluded that Mr. Mandelman knew or should have known that when he made the $2,120 payment to the client on that claim, his trust account contained no funds attributable to that claim.

IT IS ORDERED that the license of Michael D. Mandelman to practice law in Wisconsin is suspended for a period of 18 months, retroactive to November 12, 1991, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Michael D. Mandelman pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Michael D. Mandelman to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that the petition of Michael D. Mandelman for reinstatement of his license to practice law from the suspension imposed in Case No. 89–0170–D as discipline for professional misconduct is denied.