IN the MATTER OF the REINSTATEMENT OF the LICENSE OF Michael D. MANDELMAN to Practice Law in Wisconsin.

Supreme Court

*Nos. 89–0170–D, 93–1839–D. Filed December 21, 1995.*

(Also reported in 541 N.W.2d 480.)

PER CURIAM. On September 28, 1995, the Board of Attorneys Professional Responsibility (Board) filed its report recommending that the petition of Michael D. Mandelman for the reinstatement of his license to practice law be granted. Based on the report of the district professional responsibility committee, to which the reinstatement petition was referred for investigation and a public hearing, and on that committee's unanimous favorable recommendation, the Board determined that Mr. Mandelman satisfied the requirements for license reinstatement set forth in SCR 22.28(4).[1]

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4)  The petition for reinstatement shall show that:

(a)  The petitioner desires to have the petitioner's license reinstated.

(b)  The petitioner has not practiced law during the period of suspension or revocation.

(c)  The petitioner has complied fully with the terms of the order and will continue to comply with them until the petitioner's license is reinstated.

(d)  The petitioner has maintained competence and learning in the law, including a list of specific activities pursued.

(e)  The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f)  The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g)  The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h)  The petitioner has fully complied with the requirements of SCR 22.26.

(i)  The petitioner indicates the proposed use of the license if reinstated.

We determine that Mr. Mandelman has established entitlement to reinstatement of his license to practice law in Wisconsin. Nonetheless, we express concern with the record's disclosure of Mr. Mandelman's substantial debts and his actions in respect to them. Moreover, as a portion of the professional misconduct for which his license to practice law was suspended involved the handling of his client trust account, we impose as a condition of his continued practice periodic reporting to the Board of his dealings with client funds and with his trust account.

Mr. Mandelman was licensed to practice law in Wisconsin in 1980 and practiced in Milwaukee. The court suspended his license for one year as discipline for numerous acts of professional misconduct in 1990. *In re Disciplinary Proceedings Against Mandelman*, 158 Wis. 2d 1, 460 N.W.2d 749 (1990). When the suspension period ended, Mr. Mandelman petitioned for reinstatement of his license. The court denied that petition on two grounds: while that suspension was pending, additional professional misconduct was discovered, including his post-suspension violation of the rules governing the handling of his client trust account; during the reinstatement proceeding itself, he gave incomplete and evasive responses to the district committee and to the Board. In response to that additional professional misconduct, the court suspended Mr. Mandelman's license for an additional 18 months, consecutive to the termination of the earlier suspension. *In*

(j)   The petitioner has fully described all business activities during the period of suspension or revocation.

(k)   The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

re *Disciplinary Proceedings Against Mandelman,* 182 Wis. 2d 583, 514 N.W.2d 11 (1994).

In the instant proceeding, the district professional responsibility committee thoroughly reviewed Mr. Mandelman's reinstatement petition and held a public hearing on it. The committee filed a lengthy report with the Board in which it expressed significant concern with the fact that Mr. Mandelman has incurred substantial personal debt and state and federal income tax liability, the latter exceeding $1,000,000, but elected to use approximately $750,000 of his own funds to pursue business ventures rather than apply it to his debts. Those business ventures were unsuccessful, causing Mr. Mandelman not only to lose his investment but to incur additional debt.

The committee noted that Mr. Mandelman was negotiating with the state and federal tax authorities to establish payment plans to reduce the resulting tax liens and that the proceeds of the sale of an investment property are to be applied to the federal tax lien. Also, Mr. Mandelman paid some $350,000 toward his personal debts, but less than 10 percent of that amount went to his trade creditors; almost one-third was paid for his office lease and approximately $200,000 went to law firms for fees incurred as a result of his various legal problems.

Notwithstanding its concerns, the committee unanimously concluded that Mr. Mandelman satisfied the requirements for license reinstatement. That conclusion was based in part on the committee's acknowledgement of Mr. Mandelman's "thoroughness and timeliness in responding to documentation requests," in contrast to his responses during the earlier reinstatement proceeding, and its assessment of the "completeness and candor of his testimony and in

his overall demeanor as a witness." Following review of the committee's report, the Board agreed with the committee's recommendation that Mr. Mandelman's petition for license reinstatement be granted.

Our review of the record developed by the district committee leads us to share its concern about Mr. Mandelman's judgment in choosing to invest substantial funds in business ventures rather than to begin paying his lawful obligations. While we are concerned with Mr. Mandelman's choice not to commit substantial funds to reduce his debts other than those for legal fees, in particular those owing to the state and federal taxing authorities, we accept the recommendation of the Board that his petition for license reinstatement be granted.

We also accept the Board's recommendation concerning the disposition of funds currently retained in Mr. Mandelman's client trust account. Because of his numerous trust account violations, that account has a balance of approximately $7400. Due to his failure to keep adequate records, the ownership of those funds cannot be determined. The Board recommended that those funds be turned over to the Wisconsin Trust Account Foundation for its use and for payment of any provable claims against those funds that may arise.

Thus, the Board noted, those funds will be available to pay the monetary claim against Attorney Mandelman of a former client on whose behalf he failed to pay various medical expenses in a personal injury action and a fine in a traffic matter, even though he had funds to do so. Upon submission of adequate documentation to support that claim, reimbursement to the former client shall be made either by Mr. Mandelman or, if the claim is established following transfer of the funds, by the Foundation.

Finally, because Mr. Mandelman's professional misconduct concerned, in part, his failure to comply with the court's rules governing attorney trust accounts, we determine it appropriate to impose on his resumption of the practice of law a condition to ensure his compliance with those rules. Accordingly, we require that quarterly for the two years following reinstatement of his license to practice law Mr. Mandelman submit to the Board records of his trust account as the Board may specify.

IT IS ORDERED that the petition for reinstatement of the license of Michael D. Mandelman to practice law in Wisconsin is granted and his license to practice law is reinstated, effective the date of this order.

IT IS FURTHER ORDERED that within seven days of the date of this order, Michael D. Mandelman shall pay to the Wisconsin Trust Account Foundation the funds in his client trust account and that reimbursement from those funds be made as specified in this order.

IT IS FURTHER ORDERED that Michael D. Mandelman shall furnish trust account records to the Board as specified herein.

DONALD W. STEINMETZ and JON P. WILCOX, JJ., dissent.

JANINE P. GESKE, J., did not participate.