# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2003AP3348-D, 2004AP2633-D, 2007AP2653-D and 2011AP584-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael D. Mandelman, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>         Complainant-Respondent, <br>    v. <br> Michael D. Mandelman, <br>         Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MANDELMAN

| | |
|---|---|
| OPINION FILED: | December 8, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | A.W. Bradley, J., concurs. (Opinion Filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | R.G. Bradley, J., did not participate. |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.   2003AP3348-D
2004AP2633-D
2007AP2653-D
2011AP584-D

STATE OF WISCONSIN                 :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Michael D. Mandelman, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant-Respondent,**

 **v.**

**Michael D. Mandelman,**

   **Respondent-Appellant.**

**FILED**

**DEC 8, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.  *Reinstatement denied.*

¶1  PER CURIAM.  We review the report and recommendation of Referee Hannah C. Dugan, recommending reinstatement of the law license of Attorney Michael D. Mandelman, with conditions, and recommending that the court impose the full costs of this proceeding on Attorney Mandelman.  The Office of Lawyer Regulation (OLR) took no position on reinstatement before the referee and did not appeal the referee's recommendation.  We therefore review the referee's report and recommendation

pursuant to Supreme Court Rule (SCR) 22.33(3).  After fully reviewing this matter, we conclude that Attorney Mandelman has not satisfied the criteria required to resume the practice of law in this state, and we deny his petition for reinstatement. Attorney Mandelman is directed to pay the costs of this reinstatement proceeding, which total $8,074.65 as of June 1, 2015.

¶2  Attorney Mandelman was licensed to practice law in Wisconsin in 1980.  He practiced in Milwaukee, primarily in the area of personal injury and criminal law.  His license has been suspended since July 1, 2006.  On August 1, 2014, this court revoked Attorney Mandelman's law license for 22 counts of misconduct.  In re Disciplinary Proceedings Against Mandelman, 2014 WI 100, 358 Wis. 2d 179, 851 N.W.2d 401.  The revocation, which followed a lengthy disciplinary history, was imposed retroactive to May 29, 2009, thereby enabling him to seek reinstatement now rather than waiting the usual requisite five years.

¶3  Attorney Mandelman's disciplinary history culminating in his revocation includes seven prior disciplinary cases:

- In 1990, he received a one-year suspension for 27 counts of misconduct relating to multiple counts of failure to act with diligence; failing to promptly return files to clients; simultaneously representing multiple clients with adverse interests; settling a client's claim without authorization; failing to

2

communicate with clients; making a misrepresentation to the former Board of Attorneys Professional Responsibility (BAPR), predecessor to the OLR, attempting to limit potential malpractice liability; and trust account violations. In re Disciplinary Proceedings Against Mandelman, 158 Wis. 2d 1, 460 N.W.2d 749 (1990).

- In 1994, he received an 18-month suspension for misconduct that included failing to act with diligence, failing to respond to clients' requests for information, failing to refund a client's retainer, violating the rules regarding trust accounts following his 1990 suspension, and failing to provide complete and accurate responses to BAPR. In re Disciplinary Proceedings Against Mandelman, 182 Wis. 2d 583, 514 N.W.2d 11 (1994).

- In 1999, he received a consensual private reprimand for making a false statement of fact to a tribunal. Private Reprimand No. 99-18.

- In 2006, he received a consensual private reprimand for drawing a check from his business account to make a mortgage payment for a personal injury client. Private Reprimand No. 06-21.

- Also in 2006, he received a nine-month suspension for multiple instances of misconduct including failing to act with reasonable diligence, failing to utilize a

3

written fee agreement in a medical malpractice case, and persuading a client to sign a release of claims against him without the client obtaining independent representation. In re Disciplinary Proceedings Against Mandelman, 2006 WI 45, 290 Wis. 2d 158, 714 N.W.2d 512.[1]

- In 2009, he received a one-year suspension for misconduct including collecting a fee without performing any work for a client, failing to provide a client with a written settlement statement, retaining a client's funds for more than four years, making misrepresentations to a client, failing to obtain a client's signature on a settlement check, failing to deposit the settlement funds into a client trust account, and failing to provide a client's file and funds to the client. In re Disciplinary Proceedings Against Mandelman, 2009 WI 40, 317 Wis. 2d 215, 765 N.W.2d 788.

- In 2014, this court revoked Attorney Mandelman's license for 22 counts of misconduct including

---

[1] Notably, this decision also denied Attorney Mandelman's first petition for reinstatement because, while his suspension was pending, additional professional misconduct was discovered, including post-suspension trust account violations and, during reinstatement proceedings, he gave incomplete and evasive information to BAPR.

mishandling of trust accounts and funds, commingling personal and business funds with client trust funds, converting client trust finds by engaging in trust account transactions that left negative balances in his own subsidiary accounts, failing to deliver trust funds to a client over a period of years, failing to keep complete and accurate trust account records, and on multiple occasions filing income tax returns that were false. Attorney Mandelman also showed lack of diligence in another matter, failed to notify a client of his suspension in another, and also gave a false affidavit to the OLR. Mandelman, 358 Wis. 2d 179.

¶4 On August 5, 2014, Attorney Mandelman filed a petition seeking reinstatement of his license to practice law. The OLR filed a response dated January 15, 2015. The OLR expressed several concerns in its initial response, noting that, because of time constraints imposed by the referee, it had insufficient time to investigate the reinstatement petition.

¶5 The referee conducted a public reinstatement hearing on February 4, 2015. At the hearing, the OLR stated that it had deposed Attorney Mandelman and resolved many of the issues previously identified. The OLR declined to take a formal position on reinstatement.

¶6 Attorney Mandelman and four additional witnesses appeared at the reinstatement hearing: Attorney Mandelman's doctor, his faculty advisor, his employer for his student work

5

at the computer center at the University of Wisconsin-Milwaukee, and a friend/out-of-town lawyer.  Post-hearing, the referee permitted and received additional documentation in support of the petition, including a Board of Bar Examiner (BBE) certification of continuing legal education (CLE) compliance, a restitution payment to S.M., and documentation of efforts to make a restitution payment to B.S.  The referee filed her report and recommendation on May 12, 2015, recommending reinstatement with substantial conditions.

¶7  The standards applicable to all petitions for reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1).  The petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26.  In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m).  Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶8  When reviewing referee reports in reinstatement proceedings, we utilize standards of review similar to those we

6

use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶9  Here, the referee concluded that Attorney Mandelman has demonstrated that he sincerely desires to have his license reinstated. SCR 22.29(4)(a).

¶10  The referee concluded that Attorney Mandelman has not practiced law during the period of his revocation. SCR 22.29(4)(b). The referee accepted the evidence from the hearing that "a great deal of Mandelman's time was spent following rigorous conventional and experimental medical treatment protocols, and attending graduate school in a field unrelated to law."

¶11  The referee concluded that Attorney Mandelman has complied with the terms of his suspension and revocation orders. SCR 22.29(4)(c); see also SCR 22.29(4)(h) (requiring that the petitioner has fully complied with the requirements set forth in SCR 22.26); SCR 22.31(1)(d). For many years, Attorney Mandelman owed $12,793.24 in costs from his 2004 disciplinary matter and $6,397.54 in costs from his 2007 disciplinary matter. In August of 2014, Attorney Mandelman paid those cost judgments by sending

7

cashier's checks in the appropriate respective amounts to the OLR.  The court also ordered Attorney Mandelman to pay $16,943.16 in costs relating to the recent revocation proceeding.  Attorney Mandelman entered into a payment arrangement with the OLR on August 21, 2014, to make $100 monthly payments.  Attorney Mandelman has made timely installment payments.

¶12 The referee concluded that Attorney Mandelman has maintained competence and learning in the law.  SCR 22.29(4)(d).  Although this evidence was not produced at the reinstatement hearing, the referee permitted Attorney Mandelman to obtain and to provide proof of certification of CLE compliance from the BBE post-hearing.  The BBE filed a certification with the court on February 9, 2015, stating that Attorney Mandelman was "currently in compliance with the court's CLE and EPR requirements for reinstatement."

¶13 The referee concluded that Attorney Mandelman's conduct since the revocation has been exemplary and above reproach.  SCR 22.29(4)(e).  Admittedly, unlike a typical revocation, five years had not elapsed since Attorney Mandelman's license was revoked.  The referee based her conclusion relating to this requirement on the testimony of several people who spoke on behalf of Attorney Mandelman.  Attorney Mandelman's academic mentor and chair of his dissertation committee at UW-Milwaukee testified respectfully about Attorney Mandelman's dissertation topic and work, which

8

involves the benefits to the elderly related to construction of co-housing facilities. Attorney Mandelman's attorney and personal friend spoke highly of Attorney Mandelman and respectfully about his writings and presentations, specifying motorcycle rights litigation. However, the referee's report notes that, "[w]hile the witness credibly stated that he believed Mandelman to be trustworthy and reliable, he also testified that he did not know about the specifics of [his] disciplinary history." Attorney Mandelman's UW-Milwaukee employment supervisor testified credibly and convincingly about Attorney Mandelman's work ethic, his helpfulness, and his camaraderie with other students and faculty.

¶14 The referee concluded that Attorney Mandelman has the moral character to practice law in this state. SCR 22.29(4)(e).

¶15 The referee concluded that Attorney Mandelman satisfied SCR 22.29(4)(j), which requires a description of the petitioner's proposed use of the license if reinstated. At the hearing, Attorney Mandelman spoke at some length about his future plans, if reinstated. These include practice in a structured environment, although he did not rule out the prospect of returning to solo practice in the future.

¶16 The referee concluded that Attorney Mandelman satisfied SCR 22.29(4)(k), which requires a lawyer seeking reinstatement to provide a full description of all of the petitioner's business activities during the period of suspension or revocation. The reinstatement petition contains a full

9

description of Attorney Mandelman's activities between his suspension in 2006 and the 2015 reinstatement hearing. Attorney Mandelman completed a Master's Degree in Architecture and was admitted to the Ph.D. program in Architecture at UW-Milwaukee, where he completed and passed qualifying exams.

¶17 Since 2009, Attorney Mandelman has also worked in retail sales at Office Depot, Weston Properties, and at UW-Milwaukee in a variety of assistant jobs, including in his academic department and in a print shop producing product, supervising students, and handling money pursuant to sales. Evidence from the hearing also indicates that he has engaged in some property management work.

¶18 In addition, SCR 22.29(4m) requires and the referee concluded that Attorney Mandelman has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

¶19 In our May 29, 2009 suspension order, we ordered Attorney Mandelman to pay $1,250 in restitution to S.M. and $2,200 in restitution to B.S. within 60 days. On June 10, 2009, the OLR reminded Attorney Mandelman that those payments were to be made by July 28, 2009.

¶20 Attorney Mandelman had not made restitution to these clients when he filed this reinstatement petition. However,

10

Attorney Mandelman has since done so.  On January 14, 2015, the OLR received emailed correspondence from Attorney Mandelman that included a copy of a $1,250 cashier's check payable to S.M.  The record indicates that Attorney Mandelman sent the check to S.M. and that S.M. accepted the payment.

¶21 At the reinstatement hearing, Attorney Mandelman explained that he had been unable to locate B.S.  After the hearing, Attorney Mandelman provided proof that he deposited a check for $2,200 in the Unclaimed Property Fund payable to/redeemable by B.S.  The referee thus found that Attorney Mandelman "provided documentation within 20 days of the hearing date that he has complied fully with the terms of the order of revocation with respect to the payment of restitution."[2]

¶22 We accept the referee's findings and conclusions on each of the foregoing requirements for reinstatement.

¶23 The issues in this reinstatement proceeding, however, relate to the remaining requirements for reinstatement.  The rules also impose on the petitioner the burden of demonstrating by clear, satisfactory, and convincing evidence that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with them, and that he can be safely recommended as a person fit

---

[2] The referee's report, on pages 6 and 9, mistakenly states that B.S. was the one who accepted payment and that S.M.'s check was deposited into the Unclaimed Property Fund.  This is incorrect.

11

to represent clients and to aid in the administration of justice in this state.  SCR 22.29(4)(f)-(g).

¶24 With respect to SCR 22.29(4)(f), the referee was persuaded by Attorney Mandelman and his witnesses' testimony that he has accepted responsibility for his misconduct and has "new insights" into his behaviors and conditions during his period of suspension.  With respect to SCR 22.29(4)(g), the referee concluded that, "based on the petition and the testimony," this element is satisfied, subject to recommended conditions.

¶25 We are not persuaded that Attorney Mandelman has provided clear and convincing evidence that he has satisfied SCR 22.29(4)(f) and (g); as such, we disagree with the referee's conclusions of law on these issues.

¶26 For many years, Attorney Mandelman suffered from a chronic illness with symptoms including chronic fatigue. Attorney Mandelman cited his health issues in previous disciplinary and reinstatement proceedings.  The reinstatement record here indicates that, after many years, his illness was finally effectively treated and his doctor reports that his current medical prognosis good.

¶27 However, as Attorney Mandelman concedes, his medical condition neither caused nor excuses his prior professional misconduct.  Attorney Mandelman's disciplinary history reflects persistent patterns not only of neglect, but of fraud.  His extensive misconduct history cannot all be attributed to side

12

effects of his illness.  In short, his recovery bodes well for Attorney Mandelman, but is not sufficient to persuade us that he should be permitted to practice law again.

¶28 The scope and seriousness of Attorney Mandelman's prior misconduct reveals a lawyer who lacked a proper understanding of and attitude toward the standards that are imposed upon members of the bar.  Certainly, he did not act in conformity with those standards for any appreciable period of time.  He extensively used client trust accounts to conceal personal income and recklessly filed tax returns that misrepresented his income.  His own record demonstrates that, prior to his suspension, he was not a person who could be safely recommended as a person fit to represent clients and to aid in the administration of justice in this state.  Consequently, he must do more now than simply clean up the mess he created before.  We must be persuaded by evidence that is clear and convincing that he meets these standards now.

¶29 Attorney Mandelman has taken some commendable steps to address past wrongs.  The list of potential concerns identified by the OLR was not trivial.  The referee and the OLR were apparently satisfied that Attorney Mandelman has amended tax returns and determined whether he needed to repay the federal/state government for amounts that may be owing for calendar years 2005/2006.  Attorney Mandelman represented, at the hearing, that he has settled all delinquent tax obligations with the State of Wisconsin and provided supporting

13

documentation.    The  referee  and  the  OLR  were  apparently satisfied  with  Attorney  Mandelman's  explanation  of  business relationships  with  Weston  Properties,  Heartland,  and  Liberty Holding  Company,  LLC,  which  was  finally  dissolved  February  12, 2014.    The  OLR  and  the  referee  were  apparently  satisfied  with Attorney  Mandelman's  responses  to  questions  about  the  fact  that he  was  a  party  to  a  number  of  civil  actions  filed  within Milwaukee  County  and  Ozaukee  County.    At  the  hearing,  Attorney Mandelman  testified  that  he  had  resolved  all  outstanding disputes.

¶30  The  referee  downplayed  the  significance  of  these concerns,  so  she  did  not  make  detailed  findings  of  fact  about them.    Accordingly,  we  are  not  usurping  the  role  of  the  referee as  the  fact-finder.    However,  we  consider  the  scope  of  the matters  of  concern  important  to  our  assessment  of  Attorney Mandelman's  proper  understanding  of  and  attitude  toward  the standards  that  are  imposed  upon  members  of  the  bar  and  his ability  to  act  in  conformity  with  those  standards  as  well  as whether  he  can  be  safely  recommended  as  a  person  fit  to represent  clients  and  to  aid  in  the  administration  of  justice  in this  state.

¶31  The  referee  was  persuaded  that  Attorney  Mandelman  "has managed  to  satisfy  his  tax  obligations,  pay  for  graduate  school, disengage  from  the  debt  of  his  office  building,  maintain  the mortgage  of  his  home  and  addressed  any  known  civil  judgments." This  is  commendable,  although  we  note  that  Attorney  Mandelman

14

retains significant indebtedness, and in fact incurred substantial additional debt to pay for graduate school, loans that will become due when he completes his graduate degree.

¶32 Debt, alone, will not preclude a lawyer's reinstatement. Here, however, it presents a legitimate cause for concern. In 1995, we reinstated Attorney Mandelman's law license despite our expressed misgivings about Attorney Mandelman's "substantial debts" and his debt management, including questionable decisions to invest substantial funds in business ventures rather than to begin paying his lawful obligations. Still, swayed by the "thoroughness and timeliness" of his response to documentation requests and the "completeness and candor of his testimony and in his overall demeanor as a witness," we reinstated his law license, with certain conditions. In re Reinstatement of Mandelman, 197 Wis. 2d 435, 541 N.W.2d 480 (1995). Our confidence in his reform proved misplaced.

¶33 Less than four years later, in 1999, we were obliged to privately reprimand Attorney Mandelman. Multiple disciplinary proceedings ensued until his 2009 suspension and subsequent revocation, including numerous and varied misconduct adversely affecting many clients. In our view, not enough has changed. The excuses and promises to do better offered at his prior reinstatement hearings are eerily familiar.

¶34 This record reveals a flurry of recent activity as Attorney Mandelman sought to fulfill his many and various

15

reinstatement requirements.  Debts to former clients were left unpaid for years until he decided to seek reinstatement. Indeed, the referee noted that "restitution should have been made five years ago at least."  Similarly, supreme court orders imposing costs were left unresolved for years until he decided to seek reinstatement.

¶35 The court also directed Attorney Mandelman to cooperate with his former business partner, Attorney Jeffrey Reitz, to determine if restitution was owed in connection with their partnership.  Attorney Mandelman did produce documents reflecting efforts to close out the trust account.  However, Attorney Mandelman provided the OLR with this information "just two days" before the OLR's response to his reinstatement petition was due.

¶36 Ultimately the referee recommended reinstatement, subject to onerous conditions that Attorney Mandelman does not oppose:

> 1. If Mandelman chooses to practice law, prior to practicing law, he must notify OLR to establish oversight of his practice of law.
>
> 2. Under OLR's oversight, Mandelman agrees to:
>
> a. Be supervised for two years by an attorney acceptable to OLR who would have the responsibilities under SCR 20:5.1(b).
>
> b. Arrange for the supervising attorney to file quarterly reports with OLR for two years.

16

3. If Mandelman chooses to practice law he be barred from having signatory authority on any trust account for a period of four years.

4. If Mandelman chooses to practice law his practice shall be limited to a structured environment and he shall not engage in solo practice for no sooner than ten years.

5. Mandelman shall comply with the payment plan FOR costs currently in place with OLR, and any other court-ordered cost payments, absent a showing to the court of his inability to do so.

6. If Mandelman fails to comply with any of these conditions, OLR shall notify the Court that Mandelman is out of compliance with a condition of reinstatement, and OLR shall have the authority to request that the Court suspend the reinstated license of Michael Mandelman to practice law in Wisconsin until further order of the court.

¶37 Attorney Mandelman recognized that his disciplinary history precludes reinstatement without substantial conditions, describing his prior efforts to maintain a solo law practice as a "failed model." The extensive recommended conditions reflect the referee's misgivings about Attorney Mandelman's reinstatement, observing that "Mandelman's substantial disciplinary history with recurring rule violations is of great concern."

¶38 We share those misgivings. Conditions on practice are imposed to protect the public once an attorney has demonstrated reinstatement is warranted. Conditions do not and should not lower the bar to reinstatement.

¶39 Attorney Mandelman has accepted responsibility for his misconduct, but the mitigating effect of his acceptance of

17

responsibility must be viewed in relation to his extensive disciplinary history along with the number of counts and the nature of his misconduct.  The hard work Attorney Mandelman has undertaken to restructure his life and pay past due obligations to clients, creditors, and the court system is commendable, but not sufficient to demonstrate that reinstatement is appropriate at this time.  He has cleaned up his act; now he must stay the course.  This record lacks sufficient evidence that things will be different if he is reinstated to the practice of law again.

¶40  This court is not averse to providing a second chance to hold a law license to individuals who clearly accept responsibility for their wrongdoing and demonstrate that they have a different attitude toward complying with both our society's general laws and the ethical rules that apply to attorneys who are licensed to practice law in this state. In re Disciplinary Proceedings Against Balistrieri, 2014 WI 104, 358 Wis. 2d 262, 852 N.W.2d 1 (denying reinstatement over recommendation of referee).

¶41  However, our rules require Attorney Mandelman to prove that he has satisfied all of the requisite standards by clear and convincing evidence.  Id.  While we accept the referee's determination that Attorney Mandelman is performing well in a structured academic environment, the record is lacking sufficient evidence that he is able to sustain the rigor and stress of a professional career, including managing significant loan obligations, such that he can be safely recommended to the

18

legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence.

¶42  For the reasons described above, we conclude that Attorney Mandelman has failed to meet his burden to prove that he has a proper understanding of and attitude toward the standards imposed upon members of the bar, that he will act in conformity with those standards, and that he can be safely recommended as a person fit to be consulted by others, to represent them, and to otherwise act in matters of trust and confidence.  SCR 22.29(4)(f) and (g).

¶43  IT IS ORDERED that the petition for reinstatement of the license of Michael D. Mandelman to practice law in Wisconsin is denied.

¶44  IT IS FURTHER ORDERED that within 120 days of the date of this order, Michael D. Mandelman shall pay to the Office of Lawyer Regulation the full costs of this reinstatement proceeding.

¶45  REBECCA G. BRADLEY, J., did not participate.

19

¶46 ANN WALSH BRADLEY, J. *(concurring).* I agree with the per curiam opinion but write separately to clarify it. I do not read the opinion to mean, nor should it be interpreted to indicate, that Attorney Mandelman will never again be admitted to the practice of law. Rather, the record does not support readmission at this time.

¶47 Although Attorney Mandelman has accepted responsibility for his misconduct, the mitigating effect of his acceptance of responsibility is viewed in relation to his extensive disciplinary history along with the number of counts and the nature of his misconduct.

¶48 The referee found that Attorney Mandelman's conduct since revocation has been exemplary and above reproach. Specifically, he complied with the terms of his suspension and revocation orders, maintained competence and learning in the law, managed to satisfy his tax obligations, disengaged from the debt of his office building, maintained the mortgage of his home, and addressed any known civil judgments.

¶49 Because the August 1, 2014 order revoking his license to practice law was made retroactive in application, there were a mere four days between the order and the filing of his August 5, 2014 petition for reinstatement. Attorney Mandelman's petition would be more persuasive if he could demonstrate an enlarged period of exemplary behavior combined with evidence of responsibility in employment other than as a student, together with responsibility in managing his debt.

¶50 Accordingly, I respectfully concur.

1