# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP675-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Matthew R. Schwitzer, Attorney at Law: |
| | Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Matthew R. Schwitzer,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHWITZER

| | |
|---|---|
| OPINION FILED: | June 1, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

ATTORNEYS:

**2017 WI 53**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP675-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Matthew R. Schwitzer, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Matthew R. Schwitzer,**

      **Respondent.**

**FILED**

**JUN 1, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended*

¶1 PER CURIAM. We review the report and recommendation of Referee Jonathan V. Goodman that the license of Attorney Matthew R. Schwitzer be suspended for six months for professional misconduct and that Attorney Schwitzer pay the full costs of this proceeding, which are $1,661.68 as of May 25, 2017.

¶2 After careful review of the matter, we adopt the referee's findings of fact and conclusions of law. We agree

with the referee that a six-month suspension of Attorney Schwitzer's law license is an appropriate sanction for his professional misconduct. We further agree that the full costs of the proceeding should be assessed against Attorney Schwitzer.

¶3 Attorney Schwitzer was admitted to practice law in Wisconsin in 2007. He practiced in Green Bay. His Wisconsin law license was suspended in 2013 for failure to pay State Bar dues and failure to file required trust account certifications. His Wisconsin law license was also suspended in 2014 for failure to comply with continuing legal education reporting requirements. On September 25, 2014, Attorney Schwitzer's law license was additionally suspended for willful failure to cooperate with an Office of Lawyer Regulation (OLR) investigation concerning his conduct. His law license remains suspended.

¶4 The OLR filed a complaint against Attorney Schwitzer on April 6, 2015. On July 13, 2015 the OLR filed an amended complaint alleging five counts of misconduct. The complaint alleged that on February 4, 2014, Attorney Schwitzer was convicted in Brown County of unlawful phone use – threatens harm, in violation of Wis. Stat. § 947.012(1)(a), a Class B misdemeanor; Possession of THC, in violation of Wis. Stat. § 961.41(3g)(e), an unclassified misdemeanor; and Possession of Cocaine/Coca, in violation of Wis. Stat. § 961.41(3g)(c), an unclassified misdemeanor. Other charges relating to possession of drug paraphernalia, narcotics, and illegally obtained prescription drugs were dismissed but read in. The Brown County

2

circuit court withheld sentence and placed Attorney Schwitzer on two years' probation, conditioned on thirty days in jail, to run concurrently on each of the three counts. Attorney Schwitzer was also ordered to comply with his healthcare provider's recommendations, continue psychological and medical treatment, take all prescription medications, surrender a firearm, and have no contact with anyone who uses, sells, or possesses illegal drugs.

¶5 On October 20, 2014, Attorney Schwitzer fell asleep or lost consciousness while driving his car, drifted out of his lane of travel, and sideswiped another driver's car. The police officer who interacted with Attorney Schwitzer at the scene observed that Attorney Schwitzer had an unsteady balance, was shaking and sweating, his pupils were dilated, and he was having a hard time forming sentences and was slurring his words.

¶6 When the officer asked Attorney Schwitzer to turn off his car, the officer noticed there was a female passenger in the car. The female passenger was not breathing. The officer performed CPR until Fire and Rescue arrived. Fire and Rescue administered Narcan to the passenger, at which time she regained consciousness. The female passenger told a firefighter transporting her to the hospital that she had snorted heroin in Attorney Schwitzer's car and had lost consciousness. Upon searching Attorney Schwitzer's car, officers found a plastic baggie containing cocaine and a rolled up $20 bill which tested positive for cocaine.

¶7 On April 3, 2015, in Washington County circuit court, Attorney Schwitzer pled guilty and was convicted of possession of cocaine, as a party to a crime, an unclassified misdemeanor, in violation of Wis. Stat. § 961.41(3g)(c). A second count for possession of drug paraphernalia was dismissed but read in. The Washington County circuit court sentenced Attorney Schwitzer to five months in jail.

¶8 The OLR's amended complaint alleged the following count of misconduct with respect to Attorney Schwitzer's convictions:

> **Count 1:** By engaging in the conduct leading to his convictions of three misdemeanors in State v. Schwitzer, Brown County Case No. 2013 CF 1142, and one misdemeanor in State v. Schwitzer, Marinette County Case No. 2014 CF 1150, Attorney Schwitzer violated SCR 20:8.4(b).[1]

¶9 The OLR's amended complaint also alleged that prior to his August 2013 arrest, Attorney Schwitzer practiced law with Attorneys Todd G. Simon and Timothy J. Feldhausen as part of the law firm Schwitzer Simon, LLC. Attorney Schwitzer and his brother, Kevan Schwitzer created a website used by the law firm. Attorney Schwitzer's partners had no control or access to the content of the website. Following Attorney Schwitzer's arrest, Attorneys Simon and Feldhausen negotiated a separation from Schwitzer Simon, LLC, which was completed in May 2014 by the

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

signing of a formal separation agreement. Before the separation was complete, Attorneys Simon and Feldhausen had asked Attorney Schwitzer to remove their information from the website. A formal separation agreement signed in May 2014 required Attorney Schwitzer to remove Simon and Feldhausen's information from the website.

¶10 The website, as controlled by Attorney Schwitzer, continued to operate and be accessible by the public following Attorney Schwitzer's suspension until at least November 10, 2014. Sometime between January 4, 2014, and August 11, 2014, Attorney Schwitzer caused the website to be modified to advertise a law firm called Matthew R. Schwitzer, LLC, of which Attorney Schwitzer was the only attorney. There is no registered Wisconsin limited liability company named Matthew R. Schwitzer, LLC, or any similarly named company other than Schwitzer Simon, LLC.

¶11 As of October 30, 2014, the website continued to state that Attorney Schwitzer was admitted to practice law in Wisconsin as a member of the Wisconsin Bar Association and was also admitted to practice before the Supreme Court of Wisconsin. As of that date, the website invited website visitors to "Call today . . . for a free initial consultation." The website identified the address for Matthew R. Schwitzer, LLC, as P.O. Box 8413, Green Bay, Wisconsin 54308, which was the same address provided to the OLR by Attorney Schwitzer for communications during the OLR's investigation.

5

¶12 The OLR's amended complaint alleged the following count of misconduct with respect to the website:

**Count 2:** By causing the website to be modified to hold Attorney Schwitzer out as an attorney admitted to practice law in Wisconsin at a time when his license to practice law was suspended, Attorney Schwitzer violated SCR 20:5.5(b)(2)[2] and SCR 20:7.1(a)[3]

¶13 The OLR's amended complaint also alleged that beginning in 2013, the OLR began to investigate Attorney Schwitzer in connection with the criminal charges filed against him in Brown County. At Attorney Schwitzer's request, the OLR agreed to put its investigation on hold pending resolution of the Brown County criminal case. In May 2014, after the OLR's file was reopened, an OLR investigator wrote to Attorney Schwitzer inquiring about the circumstances surrounding his convictions. Attorney Schwitzer failed to respond to the investigator's initial letter, and he further failed to respond to either a second letter sent by both certified and regular mail or an order from this court requiring him to show cause in writing why this court should not grant the OLR's motion seeking

---

[2] SCR 20:5.5(b)(2) provides: "A lawyer who is not admitted to practice in this jurisdiction shall not.. .Hold out to the public or otherwise represent that the lawyer is admitted to the practice of law in this jurisdiction."

[3] SCR 20:7.1(a) provides: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it...contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading..."

an order suspending his license to practice law for a willful failure to cooperate with the OLR's investigation concerning his conduct. As noted above, on September 25, 2014, this court granted the OLR's motion and temporarily suspended Attorney Schwitzer's law license.

¶14 The OLR's amended complaint stated the following count with respect to Attorney Schwitzer's failure to cooperate with the OLR's investigation into his conduct:

> **Count 3:** By failing to provide the information requested by the OLR's May 12, 2014 correspondence, Attorney Schwitzer violated SCR 22.03(6),[4] via SCR 20:8.4(h).[5]

¶15 The final two counts of misconduct alleged in the OLR's amended complaint arose out of Attorney Schwitzer's attempt to transfer funds to himself from his law firm's trust account. The amended complaint alleged that as of August 19, 2013, the date Attorney Schwitzer was arrested in Brown County, Schwitzer Simon, LLC, maintained a client trust account at BMO Harris Bank. Attorneys Schwitzer, Simon, and Feldhausen were

---

[4] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance..."

[5] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to...fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by...SCR 22.03(2), SCR 22:03(6)..."

the only people authorized to disburse money from or otherwise access the trust account.

¶16 On August 20, 2013, while incarcerated in the Brown County Jail, Attorney Schwitzer used a fellow inmate's contraband cell phone to access the trust account and initiated a transfer of $2,000 from the trust account to a personal account belonging to Attorney Schwitzer. Attorney Simon and/or Attorney Feldhausen learned of Attorney Schwitzer's attempt to transfer trust account proceeds and caused BMO Harris Bank to reverse the transaction. In correspondence to the OLR, Attorney Schwitzer admitted attempting to transfer funds from the trust account to his personal account while incarcerated in the Brown County Jail. The OLR's investigation was unable to determine whether Attorney Schwitzer used another inmate's telephone to access the trust account by phone or whether he attempted to transfer funds by using the internet connection through the contraband phone. Pursuant to supreme court rules, disbursements from a trust account may not be made telephonically or by way of internet transactions.

¶17 The OLR's amended complaint alleged the following counts of misconduct with respect to the attempted trust account transfer:

> **Count 4:** By accessing his law firm's trust account from another inmate's contraband cell phone, Attorney Schwitzer made client and third party funds being held

8

in trust by his firm vulnerable to third party access, in violation of SCR 20:1.15(b)(1).[6]

**Count 5:** By attempting [in violation of SCR 20:8.4(a)[7]] to transfer funds to himself from his law firm's trust account by using a fellow inmate's contraband cell phone Attorney Schwitzer either attempted to make a disbursement by telephone transfer, in violation of SCR 20:1.15(e)(4)(b)[8] or Attorney Schwitzer attempted to make a disbursement by internet transaction, in violation of SCR 20:1.15(e)(4)(c).[9]

¶18 On October 10, 2016, Attorney Schwitzer filed an answer to the amended complaint admitting virtually all of allegations and stipulating that he be found in violation of the supreme court rules as alleged in the five counts of misconduct in the amended complaint. Attorney Schwitzer further stipulated

---

[6] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

SCR 20:1.15(b)(1) provided: "A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third parties that is in the lawyer's possession in connection with a representation."

[7] SCR 20:8.4(a) provides: "It is professional misconduct for a lawyer to...violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another."

[8] SCR 20:1.15(e)(4)(b) provided: "No deposits or disbursements shall be made to or from a pooled trust account by a telephone transfer of funds."

[9] SCR 20:1.15(e)(4)(c) provided: "A lawyer shall not make deposits to or disbursements from a trust account byway of an Internet transaction."

that an appropriate level of discipline to impose in response to his misconduct was a six-month suspension of his license to practice law in Wisconsin.

¶19 The referee issued his report and recommendation on January 12, 2017. The referee found that the OLR had met its burden of proof by clear, satisfactory, and convincing evidence that Attorney Schwitzer committed the five counts of misconduct set forth in the OLR's amended complaint. The referee further agreed that a six-month suspension of Attorney Schwitzer's license to practice law in Wisconsin was an appropriate sanction for his misconduct.

¶20 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶21 There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We further agree with the referee's conclusions of law that Attorney Schwitzer violated the supreme court rules enumerated above.

¶22 Upon careful review of the matter, we agree with the referee's recommendation for a six-month suspension of Attorney Schwitzer's license to practice law in Wisconsin. Although no two disciplinary proceedings are precisely the same, a six-month

10

suspension is generally consistent with the sanction imposed in somewhat analogous cases. For example, in In re Disciplinary Proceedings Against Soldon, 2010 WI 27, 324 Wis. 2d 4, 782 N.W.2d 81, an attorney who was convicted of multiple counts of retail theft and fleeing and eluding an officer, as well as failing to cooperate with the OLR's investigation of her conduct, received a six-month suspension. In addition, in In re Disciplinary Proceedings Against Meagher, 2003 WI 132, 266 Wis. 2d 18, 669 N.W.2d 733, an attorney who was convicted of violating the federal Wire Wagering Act, 18 U.S.C. § 1084, also received a six-month suspension. We find that a six-month suspension is an appropriate sanction in this case as well. We also agree that, consistent with our usual practice, Attorney Schwitzer should be required to pay the full costs of this proceeding.

¶23 IT IS ORDERED that the license of Matthew R. Schwitzer to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶24 IT IS FURTHER ORDERED that within 60 days of the date of this order, Matthew R. Schwitzer shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Matthew R. Schwitzer to practice law in Wisconsin shall remain suspended until further order of the court.

¶25 IT IS FURTHER ORDERED that, to the extent he has not already done so, Matthew R. Schwitzer shall comply with the

11

provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶26 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See 22.28(3).[10]

¶27 IT IS FURTHER ORDERED that the temporary suspension of Attorney Matthew R. Schwitzer's license to practice law in Wisconsin, imposed on September 25, 2014 due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is hereby lifted.

---

[10] In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Schwitzer will also be required to complete the procedures for reinstatement from the administrative suspensions currently in effect for failure to comply with the mandatory CLE reporting requirements, for failure to pay applicable bar dues and assessments, and for failure to file a trust account certificate.