# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2457-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David P. F. Templeton, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>       Complainant, <br>   v. <br> David P. F. Templeton, <br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST TEMPLETON

| | |
|---|---|
| OPINION FILED: | March 21, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

No.   2018AP2457-D

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David P. F. Templeton, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

**Complainant,**

**MAR 21, 2019**

**v.**

Sheila T. Reiff
Clerk of Supreme Court

**David P. F. Templeton,**

**Respondent.**


ATTORNEY  disciplinary  proceeding.  *Attorney's  license suspended.*


¶1   PER CURIAM.  We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney David P. F. Templeton.  In the stipulation, Attorney Templeton admits that he committed professional misconduct, and he agrees with the OLR's request that his license to practice law be suspended for a period of six months.  He further agrees that the court should impose various conditions upon the reinstatement of his license to practice law.

¶2 After careful review of the matter, we accept the stipulation and impose the requested discipline. Because Attorney Templeton entered into a comprehensive stipulation prior to the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶3 Attorney Templeton was admitted to practice law in Wisconsin in 2004 and practiced in Menasha. He has no prior disciplinary history. Effective May 31, 2017, his license to practice law was suspended for failure to comply with continuing legal education reporting requirements. Effective October 31, 2017, his license to practice law was suspended for failure to pay state bar dues and provide the OLR trust account certification. Attorney Templeton's license remains suspended.

¶4 On December 27, 2018, the OLR filed a complaint alleging that Attorney Templeton had engaged in three counts of professional misconduct. The complaint sought a six-month suspension of his license to practice law in Wisconsin. Attorney Templeton filed a handwritten answer on January 7, 2019, stating that he accepts the OLR's findings and recommendations and that he takes full responsibility for his misconduct.

¶5 On January 18, 2019, the OLR and Attorney Templeton filed a stipulation pursuant to SCR 22.12. The following facts are taken from the stipulation.

¶6 On June 22, 2017, Village of Fox Crossing Police Department Investigator Jeremiah Gustafson provided information to the OLR about Attorney Templeton, advising that Attorney

2

Templeton was under investigation for suspected drug-related conduct. Investigator Gustafson was working with an investigator from the Lake Winnebago Metropolitan Enforcement Group (MEG) and a confidential informant (CI). MEG is a multi-jurisdictional law enforcement task force concentrating on illegal drugs that uses CIs to gather evidence. The CI and Attorney Templeton had discussed the possibility of the CI performing clerical work for Attorney Templeton in exchange for drugs.

¶7 On August 2, 2017, Investigator Gustafson, the MEG investigator, and the CI met in advance of a pre-arranged controlled buy of illegal drugs from Attorney Templeton set for later that day. The CI wore a wireless body transmitter while the investigators observed the drug transaction between Attorney Templeton and the CI. Attorney Templeton delivered approximately .2 grams of heroin to the CI with the assurance, "Don't worry, I'll get more." Following the drug transaction, Attorney Templeton was arrested and later released.

¶8 On August 11, 2017, Attorney Templeton was charged in Winnebago County with one count of manufacturing/delivery of heroin in violation of Wis. Stat. § 961.41(1)(d)1, a Class F felony. Conditions of his bail/bond included absolute sobriety and no commission of any criminal act.

¶9 On August 14, 2017, Attorney Templeton tested positive for methamphetamine, in violation of his bail/bond. On August 17, 2017, he caused a disturbance at a Menasha apartment while intoxicated, two additional violations of his bail/bond.

3

¶10 On August 18, 2017, as a result of his conduct the previous day, Attorney Templeton was charged in Winnebago County with two counts of felony bail jumping pursuant to Wis. Stat. § 946.49(1)(b), and one count of misdemeanor disorderly conduct pursuant to Wis. Stat. § 947.01.

¶11 On March 6, 2018, Attorney Templeton pleaded guilty to the felony count of manufacturing/delivery of heroin and one count of felony bail jumping. The other felony bail jumping and the disorderly conduct counts were read in and dismissed. On May 18, 2018, Attorney Templeton received an imposed but stayed sentence consisting of two years of initial confinement and three years of extended supervision, as well as an imposed five-year probation sentence with credit for time served. (Attorney Templeton was incarcerated between August 18, 2017 and May 18, 2018.)

¶12 Attorney Templeton's license to practice law in Wisconsin has been continuously suspended since May 31, 2017. On June 5, 2017, he appeared in Winnebago County Circuit Court on behalf of a client. Attorney Templeton failed to inform his client, opposing counsel, or the court that his license to practice law had been suspended. A representative of the Town of Grand Chute Police Department notified the OLR that on June 28 and 29, 2017, Attorney Templeton stated to the police department he had been retained by and represented a client under criminal investigation.

¶13 The OLR's complaint alleged the following counts of misconduct:

4

- **Count One:** By engaging in conduct leading to criminal felony convictions for the manufacture/delivery of heroin and for bailing jumping, Attorney Templeton violated SCR 20:8.4(b).[1]

- **Count Two:** By failing to notify his client, opposing counsel, and the court of his license suspension, Attorney Templeton violated SCR 22.26(1)(a), (b) and (c),[2] enforceable via SCR 20:8.4(f).[3]

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] SCR 22.26(1) provides on or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

5

- **Count Three:** By practicing law after May 31, 2017, while his license was suspended, Attorney Templeton violated SCR 22.26(2),[4] and SCR 31.10(1),[5] enforceable via SCR 20:8.4(f).

¶14 Attorney Templeton states that the terms of the stipulation were not bargained for or negotiated between the

---

[4] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[5] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

parties.  He avers that he admits the facts and misconduct alleged by the OLR and agrees to the discipline sought by the OLR director.  He represents that he fully understands the misconduct allegations, the ramifications should the court impose the stipulated level of discipline, his right to contest the matter, and his right to consult with and retain counsel. He states that his entry into the stipulation is made knowingly and voluntarily.

¶15 In the stipulation, the parties agree that an appropriate level of discipline to impose in response to Attorney Templeton's misconduct is a suspension of his license to practice law in Wisconsin for a period of six months.  The parties further agree that the court impose the following conditions on the reinstatement on Attorney Templeton's law license:

- Prior to filing a petition for reinstatement, Attorney Templeton will provide the OLR with signed medical releases for each treatment provider who is providing or has provided treatment, assessment, or services related to substance abuse to Attorney Templeton within the three previous years;

- Prior to filing a petition for reinstatement, Attorney Templeton will undergo a substance abuse assessment that makes specific written recommendations, and demonstrate compliance with the recommendations; and

- As a condition of reinstatement, Attorney Templeton will submit to monitoring as directed by the OLR and must comply with all monitoring requirements for a period of two years following reinstatement.

¶16 In its memorandum in support of the stipulation, the OLR says that Attorney Templeton's misconduct was serious and merits a sanction that will require him to demonstrate his fitness before practicing law again in Wisconsin. The OLR notes that there a number mitigating factors present in this case: Attorney Templeton has no disciplinary history; he is remorseful for his misconduct; he fully cooperated in the OLR's investigation and stipulated to the misconduct, and he continues to participate in weekly counseling.

¶17 After careful review of the matter, we accept the stipulation and determine that Attorney Templeton engaged in the three counts of misconduct alleged in the OLR's complaint. We further conclude that a six-month suspension of his license to practice law is an appropriate level of discipline. Although no two disciplinary proceedings are precisely alike, we find that the misconduct at issue here is somewhat similar to that presented in In re Disciplinary Proceedings Against Schwitzer, 2017 WI 53, 375 Wis. 2d 414, 895 N.W.2d 416. Attorney Schwitzer's license was suspended for six months following his criminal convictions for possession of THC and cocaine, as well as holding himself out as an attorney following an administrative suspension. As in Schwitzer, we find a six-month suspension which will require Attorney Templeton to go through a formal reinstatement proceeding, to be an appropriate level of discipline. We also find it appropriate to impose the conditions enumerated in the stipulation upon the reinstatement of Attorney Templeton's license to practice law. Since this

8

matter was brought to the court in the context of an SCR 22.12 stipulation without the need to appoint a referee, we impose no costs upon Attorney Templeton.

¶18 IT IS ORDERED that the license of David P. F. Templeton to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶19 IT IS FURTHER ORDERED that, to the extent he has not already done so, David P. F. Templeton shall comply with the provisions of SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶20 IT IS FURTHER ORDERED that the following conditions are imposed upon the reinstatement of David P. F. Templeton's license to practice law in Wisconsin:

- Prior to filing a petition for reinstatement, Attorney Templeton will provide the OLR with signed medical releases for each treatment provider who is providing or has provided treatment, assessment, or services related to substance abuse to Attorney Templeton within the three previous years;

- Prior to filing a petition for reinstatement, Attorney Templeton will undergo a substance abuse assessment that makes specific written recommendations, and demonstrate compliance with the recommendations; and

- As a condition of reinstatement, Attorney Templeton will submit to monitoring as directed by the OLR and must comply with all monitoring requirements for a period of two years following reinstatement.

¶21 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶22 IT IS FURTHER ORDERED that the administrative suspension of David P. F. Templeton's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, provide the OLR trust account certification, and failure to comply with continuing legal education reporting requirements, will remain in effective until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).