IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Frederick HERSH.

Supreme Court

*No. State 22 (1974). Filed July 19, 1982.*
(Also reported in 321 N.W.2d 927.)

PER CURIAM. *Petition for reinstatement; petition denied.*

On June 15, 1981, the petitioner filed a petition with the court seeking reinstatement of his license to practice

law in Wisconsin, which had been suspended by order of the court on June 30, 1976, for two years and for such period thereafter as shall expire before his license is reinstated. *State v. Hersh,* 73 Wis. 2d 390, 243 N.W.2d 178 (1976). In that disciplinary proceeding the petitioner was found to have been guilty of unprofessional conduct by misappropriating the sum of $7,000 from an estate in which he was acting as attorney and personal representative, using for his personal purposes funds entrusted to him by his clients and commingling his personal funds with those of his clients in the clients' trust account. Such misconduct is a very serious matter. About the petitioner's conduct in the estate we said, "These actions show a gross disregard of the defendant's duties as personal representative and as attorney and cast serious doubt upon defendant's moral fitness to practice law." *Id.,* 394. As to the trust account violations, we stated, "In this case the abuses are especially aggravated because they occurred continuously over a three-year period and were clearly perpetrated as a result of a conscious plan and not merely out of negligence or incompetence." *Id.,* 399.

In order to be entitled to have his license to practice law in Wisconsin reinstated the petitioner has the burden of demonstrating by clear and convincing evidence "possession of the moral character to practice law in this state and that the petitioner's resumption of the practice of law within this state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest." SCR 22.28 (6). Upon the record before us it appears that the petitioner has not met that burden.

It is ordered that the petition for reinstatement is denied.

It is further ordered that the petitioner shall pay to the Board of Attorneys Professional Responsibility the costs

of this reinstatement proceeding in the amount of $643.25, of which he has already paid the sum of $200.

HEFFERNAN, ABRAHAMSON, and CECI, JJ., took no part.