IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David V. PENN, Attorney at Law.

Supreme Court

*No. 95–0536–D. Filed June 4,1996.*

(Also reported in 548 N.W.2d 526.)

PER CURIAM.   We review the recommendation
of the referee that the license of David V. Penn to prac-
tice law in Wisconsin be suspended for two years as
discipline for the following professional misconduct.

While serving as Vilas county district attorney from 1987 through 1992, Attorney Penn used marijuana and cocaine, for which he was subsequently convicted, and acted as district attorney in respect to referral and prosecution of nine persons who had used an illegal drug with him or had personal knowledge of his illegal drug use. In late 1993 and early 1994, Attorney Penn's use of marijuana and cocaine resulted in a deferred prosecution arrangement. On one occasion, Attorney Penn discussed a pending criminal matter with a defendant whose felony drug charge he was prosecuting out of the presence of the defendant's attorney and without his consent.

We determine that the recommended two-year license suspension is appropriate discipline to impose for Attorney Penn's professional misconduct. The seriousness of his criminal conduct in using illegal drugs is exacerbated by the fact that it occurred in the context of his official position as district attorney, a position of public trust in the legal system to which the people of his county elected him. His repeated contravention of the criminal law, which was widely known in the community, caused significant and unjustified damage to the public's perception of the integrity of law enforcement personnel throughout the county.

Attorney Penn was admitted to practice law in Wisconsin in 1986 and practiced and served as district attorney in Eagle River. He has not previously been the subject of a disciplinary proceeding. He was suspended from membership in the State Bar in October, 1993 for failure to pay membership dues, and that suspension continues. The referee in this proceeding, Attorney Janet A. Jenkins, made findings of fact pursuant to the stipulation of the parties.

In January, 1993, on his guilty plea to five counts of possession of marijuana containing THC and an Alford plea to one count of cocaine possession, Attorney Penn was found guilty and convicted of six misdemeanors. Sentence was withheld and Attorney Penn was placed on probation for three years, with six months in the county jail with Huber privileges, and ordered to perform 200 hours of community service.

While acting as district attorney, Attorney Penn was involved in referral and prosecution in criminal proceedings of nine persons who previously had used an illegal drug with him or had personal knowledge of his illegal drug use. The referee concluded that Attorney Penn thereby represented his client, the State, when that representation might have been or was materially limited by his own interests, in violation of the conflict of interest rule, SCR 20:1.7(b).[1]

In February, 1990, while at a tavern, District Attorney Penn encountered the defendant in a pending felony drug case and discussed the case out of the presence and without the consent of the defendant's

---

[1] SCR 20:1.7 provides, in pertinent part:

**Conflict of interest: general rule**

. . .

(b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)  the lawyer reasonably believes the representation will not be adversely affected; and

(2)  the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

attorney. The referee concluded that his doing so violated SCR 20:4.2.[2]

In February, 1994, after he had left office as district attorney, Attorney Penn's blood and urine samples taken following a traffic stop disclosed the presence of cocaine metabolite and marijuana metabolite. He then was charged with having possessed cocaine and he entered into a deferred prosecution agreement.

In respect to the drug possession conviction and the subsequent charge resulting in the deferred prosecution agreement, the referee concluded that Attorney Penn committed criminal acts reflecting adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[3]

As discipline for Attorney Penn's professional misconduct, the referee recommended a two-year license suspension. The referee took into account the aggravating factor of Attorney Penn's position of chief law enforcement official in the county and the fact that his use of illegal drugs frequently occurred in the company of persons subject to prosecution by his office for non-drug criminal offenses. The referee also acknowledged

---

[2] SCR 20:4.2 provides:

**Communication with person represented by counsel**
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

as mitigating circumstances Attorney Penn's voluntarily having ceased practicing law in 1992 and his acceptance of responsibility for his misconduct and genuine remorse for it.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Penn's professional misconduct and determine that the recommended two-year license suspension is appropriate discipline to impose for it. We emphasize that in order to have his license to practice law reinstated, Attorney Penn will have to establish, among other things, that his conduct since the license suspension has been exemplary and above reproach, that he has a proper understanding of and attitude toward the standards imposed on lawyers and that he will act in conformity with those standards, and that he safely can be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence. SCR 22.28(4).

IT IS ORDERED that the license of Attorney David V. Penn to practice law in Wisconsin is suspended for a period of two years, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order David V. Penn pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David V. Penn to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that David V. Penn comply with the provisions of SCR 22.26 concerning the duties

of a person whose license to practice law in Wisconsin has been suspended.