In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David V. PENN, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

David V. PENN, Respondent.

Supreme Court

*No. 95–0536–D. Filed January 23, 2002.*

2002 WI 5

(Also reported in 638 N.W.2d 287.)

¶ 1. PER CURIAM We review the recommendation of the referee that David V. Penn's license to practice law, which this court suspended in 1996 following his conviction on six misdemeanor drug offenses, be reinstated upon certain conditions. Both the Office of Lawyer Regulation (OLR)[1] and the Board of Bar Examiners (BBE) join in that recommendation. No appeal has been filed in this matter.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that David V. Penn's license to practice law be reinstated and that David V. Penn pay the costs of this reinstatement proceedings totaling $6803.64; however, we conclude that rather than being given only six months to pay the costs of this matter as recommended by the referee, David V. Penn shall have one year from the date of this order to pay such costs.

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation (OLR) and the supreme court rules applicable to the lawyer regulation system were also revised. Although the petition for reinstatement in this matter was filed prior to that effective date, the petition for reinstatement was referred to the referee pursuant to the new provisions of SCR 22.30, and a public hearing was held on that reinstatement petition pursuant to SCR 22.31. References in this opinion to the supreme court rules will be to those currently in effect unless specifically noted.

¶ 3. In 1996 when this court suspended David V. Penn's license to practice law following his conviction on six misdemeanor drug offenses, this court wrote:

> We determine that the recommended two-year license suspension is appropriate discipline to impose for Attorney Penn's professional misconduct. The seriousness of his criminal conduct in using illegal drugs is exacerbated by the fact that it occurred in the context of his official position as district attorney, a position of public trust in the legal system to which the people of his county elected him. His repeated contravention of the criminal law, which was widely known in the community, caused significant and unjustified damage to the public's perception of the integrity of law enforcement personnel throughout the county.

*Disciplinary Proceedings Against David V. Penn,* 201 Wis. 2d 405, 406, 548 N.W.2d 526 (1996).

¶ 4. On June 14, 2000, David V. Penn filed a petition for reinstatement of his license to practice law. As noted, that petition was referred to a referee pursuant to SCR 22.30.[2] The referee held a public hearing on the reinstatement petition where evidence was pre-

---

[2] SCR 22.30 provides: Reinstatement procedure

(1) The clerk of the supreme court shall select a referee from the panel provided in SCR 21.08, based on availability and geographic proximity to the petitioner's place of residence, and the chief justice shall appoint the referee to conduct a hearing on the petition for reinstatement. In the case of a license suspension, the hearing shall not be held prior to the expiration of the period of suspension.

(2) The director shall investigate the eligibility of the petitioner for reinstatement and file a response with the referee in support of or in opposition to the petition.

(3) At least 30 days prior to the hearing, the director shall publish a notice in a newspaper of general circulation in any

sented on behalf of the petitioner as well as OLR; two members of the public also appeared and presented information. Following that hearing the referee found that since his license suspension, David Penn has completed the court-ordered period of probation for the criminal charges, has addressed his drug dependency by undergoing voluntary in-patient treatment and has submitted to random drug testing, and has paid the costs of the disciplinary proceeding leading to his suspension. Furthermore, the referee determined that David Penn has fulfilled all the requirements set forth in SCR 22.26 for an attorney whose license has been suspended and Penn has attended continuing legal education programs and obtained a sufficient number of credits to be in compliance with the BBE requirements.

¶ 5. In addition, the referee noted that Penn has been comprehensively evaluated for alcohol and other drug use issues by a physician and by an AODA expert, both of whom were of the opinion that Penn may safely be recommended to resume the practice of law.

¶ 6. Furthermore, according to the referee, no evidence was presented at the public hearing to cast doubt on David Penn's qualifications to practice law. Consequently, the referee concluded that David V. Penn

county in which the petitioner maintained an office for the practice of law prior to suspension or revocation and in the county of the petitioner's residence during the suspension or revocation and in an official publication of the state bar of Wisconsin.

(4) The notice under sub. (3) shall contain a brief statement of the nature and date of suspension or revocation, the matters required to be proved for reinstatement, and the date, time and location of the hearing on the petition.

could be safely recommended to be reinstated to the practice of law, a recommendation in which both the BBE and the OLR joined.

¶ 7. We make two observations about questions identified in the referee's report. First the referee questioned the scope of the reinstatement proceeding and whether testimony and evidence presented at the public hearing should be restricted to the elements listed in SCR 22.29(4)[3] required in the reinstatement

---

[3] SCR 22.29(4) provides:

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

petition. On the other hand, the referee stated that although it was "fairly obvious" that the hearing on the petition for reinstatement should not amount to a retrial of the original disciplinary case, the referee wondered if the scope of the reinstatement hearing could properly extend to the facts and behavior which were the subject of the disciplinary proceedings and which led to the license suspension in the first place.

¶ 8. We believe that the rules contemplate that the referee conducting a hearing on the petition for reinstatement must engage in a full and unrestricted evaluation of the petitioner's past, present, and predicted future behavior, as well as any other relevant information going to the issue of whether the petitioner has the moral character to practice law in this state and whether his or her resumption of the practice of law would be detrimental to the administration of justice or subversive of the public interest. We point out that SCR 22.29 lists the requirements a petition for reinstatement must show. However, SCR 22.30 dealing with the reinstatement procedure itself, as well as the provisions in SCR 22.31[4] describing the reinstatement hearing,

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

[4] SCR 22.31 provides: Reinstatement hearing

(1) The petitioner has the burden of demonstrating by clear, satisfactory and convincing evidence that the petitioner has the moral character to practice law in Wisconsin, that the petitioner's resumption of the practice of law will not be

bolster the conclusion that the reinstatement hearing if necessary can be far-ranging and not limited to addressing the listed petition requirements in SCR 22.29(4). This court has in prior cases when considering whether an attorney's license to practice shall be reinstated, examined the gravity of the underlying misconduct which led to the license suspension or revocation. *See Disciplinary Proceedings Against Hersh,* 108 Wis. 2d 450, 321 N.W.2d 927 (1982); *see also Disciplinary Proceedings Against Hyndman,* 2002 WI 6, 249 Wis. 2d 650, 638 N.W.2d 293, decided this date. We believe that the petitioner's activities leading to the suspension of his or her license to practice law may indeed be relevant to the referee's determination of whether that petitioner has demonstrated by clear, satisfactory, and convincing evidence that he or she has the moral character to resume the practice of law in this state and

detrimental to the administration of justice or subversive of the public interest, and that the petitioner has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

(2) The reinstatement hearing shall be public.

(3) The referee shall appoint a person to act as court reporter to make a verbatim record of the proceeding as provided in SCR 71.01 to 71.03.

(4) The petitioner and the director or a person designated by the director shall appear at the hearing. The petitioner may be represented by counsel.

(5) The hearing shall be conducted pursuant to the rules of civil procedure. The rules of evidence shall not apply, and the referee may consider any relevant information presented. Interested persons may present information in support of or in opposition to reinstatement.

that such resumption would not be detrimental to the administration of justice or subversive to the public interest. *See* SCR 22.31.

¶ 9. After a review of the record we conclude that the hearing on the reinstatement petition conducted by the referee in this case was sufficient and that, as the referee determined, David Penn has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria for reinstatement.

¶ 10. Accordingly, we agree with the referee's recommendation that David V. Penn's license to practice law in this state be reinstated.

¶ 11. The second observation made by the referee in his report dealt with the authority to impose costs of the reinstatement proceedings on the petitioner. According to the referee, the current rules contain no specific provision authorizing the imposition of costs associated with the reinstatement proceeding.

¶ 12. We do not share the referee's doubts about the authority to impose costs in a reinstatement proceeding. As the referee observed, SCR 22.29(5) specifically provides that "[a] petition for reinstatement . . . shall be accompanied by an advance deposit in the amount to be set by the supreme court for payment of all or a portion of the costs of the reinstatement proceeding." In this case, David Penn's petition for reinstatement was, in fact, accompanied by the required advance deposit of $200 for costs. This rule, as well as the general provisions set out for disciplinary proceedings in SCR 22.11 through SCR 22.24, supports the referee's conclusion in this case that costs could be imposed against this petitioner in this reinstatement

proceeding. Thus, we adopt the referee's recommendation that David Penn be required, as a condition of reinstatement, to pay the costs of these reinstatement proceedings now totaling $6803.64. We determine, however, that rather than being given only six months to pay such costs, that the petitioner may have one year from the date of this opinion within which to pay such costs. Accordingly, we grant Attorney David V. Penn's petition to reinstate his license to practice in this state.

¶ 13. IT IS ORDERED that the petition for reinstatement of the license of David V. Penn to practice law in Wisconsin is granted, effective the date of this order, upon the condition that he comply with the current CLE requirements.

¶ 14. IT IS FURTHER ORDERED that David V. Penn pay the costs of this reinstatement proceeding totaling $6803.64 within one year of the date of this order.

¶ 15. DAVID T. PROSSER, J. (*concurring in part, dissenting in part*). I concur in that portion of the court's decision and order reinstating the license to practice law of Attorney David V. Penn. I dissent from the court's determination imposing *all* costs of this reinstatement proceeding ($6803.64) on Attorney Penn. These costs raise disturbing questions and require comment.

¶ 16. Attorney Penn was admitted to the State Bar of Wisconsin in May 1986. He was elected Vilas County District Attorney in November 1986 and re-elected in 1988 and 1990. During this period in public office, Penn developed drug and chemical dependency problems resulting in violations of criminal law. In January 1993, after he left office, he was convicted of six

misdemeanor drug offenses involving the use of marijuana and cocaine, and he served jail time as a condition of his probation.

¶ 17. In July 1992 Penn voluntarily suspended his practice of law. He was officially suspended from membership in the State Bar of Wisconsin in October 1993 for failure to pay membership dues. He was formally suspended by the court for a period of two years in June 1996. The record shows that Penn has not practiced law for more than nine years.

¶ 18. The record also shows, however, that in recent years Penn has made a serious and sustained effort to meet his obligations, turn his life around, and overcome his past. Two health care professionals recently evaluated Penn and recommended his readmission. The referee, the Office of Lawyer Regulation (OLR), and the Board of Bar Examiners all recommended his readmission. The court has no evidence of opposition to his readmission to the Bar.

¶ 19. Penn was assessed $23,973.29 in costs in connection with the disciplinary proceeding in 1996. He ultimately paid $26,000 to the Board of Attorneys Professional Responsibility (the Board) in an agreed-upon settlement of this obligation. Although Penn did not pay every penny of interest that had accrued prior to the settlement, he did pay the full costs plus more than $2000 in interest. The referee concluded that "Mr. Penn has paid the costs of the disciplinary proceeding." Penn's commitment to pay this heavy financial obligation contributed to a bankruptcy.

¶ 20. In June 2000, more than four years after he was suspended by this court, Penn filed a petition for reinstatement. He submitted his petition under SCR

22.28, the controlling rule for reinstatement at that time. Supreme Court Rule 22.28(5) and (7) then provided:

> (5) The administrator shall investigate the eligibility of the petitioner for reinstatement and file a report and recommendation with the board. At least 30 days prior to the hearing on the petition *before a professional responsibility committee,* the administrator shall publish a notice in a newspaper of general circulation in any county in which the petitioner maintained an office prior to suspension or revocation and in the county of the petitioner's residence during the suspension or revocation and in an official publication of the state bar.

> The notice shall contain a brief statement of the nature and date of suspension or revocation, the matters required to be proved for reinstatement and the date on which a hearing on the petition will be held *before a professional responsibility committee . . .*

> . . . .

> (7) A petition for reinstatement must be accompanied by an advance deposit in an amount to be set by the board to cover all or part of the costs of the reinstatement proceeding. The board may, in any case in which to do otherwise would result in hardship or injustice, extend the time for payment or waive payment (emphasis added).

¶ 21. When Penn submitted his petition, he made an advance deposit of $200.00.

¶ 22. At the time Penn filed his petition, this court was in the process of considering changes to the rules governing attorney discipline. The new rules did not become effective until October 1, 2000. Nonetheless, the Board declined to act on Penn's petition while the changes were pending.

¶ 23. The new rules eliminate the role of the district professional responsibility committees in reinstatement proceedings. They provide instead that each reinstatement proceeding be assigned to a referee. Seven months after Penn submitted his petition to the Board, the new Office of Lawyer Regulation sent Penn's case to referee John N. Schweitzer. Two weeks or so later, the director of OLR retained Attorney Matthew F. Anich to represent OLR.

¶ 24. Attorney Penn raised questions about these developments. He disputed the authority of OLR to proceed under the new rules rather than the old rules, given that his petition was filed more than three months before the new rules took effect. He particularly disputed the retention of a referee under the new rules and the appointment of private counsel to represent OLR, recognizing that he could be called upon to pay all their expenses. He also disagreed with the scope of private counsel's reinstatement investigation and successfully challenged the choice of a specific expert to conduct a drug and alcohol abuse assessment.

¶ 25. The referee subsequently acknowledged that Penn's case produced "the first public hearing on an attorney's petition for reinstatement under the Supreme Court Rules that went into effect on October 1, 2000," and he wrote an analysis of the various issues raised by Penn for "their bearing on future hearings."

¶ 26. A careful reading of the record shows that Penn raised several legitimate issues about the procedures to be followed and the powers of OLR, all of which worked to increase his costs.[1] He is now asked to pay all

---

[1] The referee ruled against Penn on the question whether OLR could assign an outside attorney to represent it in a reinstatement proceeding. Nonetheless, the referee wrote: "The language in the new versions of SCR 21.03(h), SCR 21.03(o),

costs of this proceeding ($6803.64), including all costs of deciding these new issues.

¶ 27. Admittedly, Penn is not now challenging these costs before this court; but it takes no imagination to understand that he has simply surrendered in order to stop the OLR cost meter from running.

¶ 28. Attorney Penn is being assessed nearly seven times the costs being assessed against Attorney Hyndman in another matter decided today, in large part because the much more serious *Hyndman* case was handled under the old rules. *Disciplinary Matter Against Hyndman*, 2002 WI 6, 249 Wis. 2d 650, 638 N.W.2d 293. I think this result is manifestly unfair. No doubt, Attorney Penn should pay reasonable costs. In my view, full costs are not reasonable under the circumstances here and will impose a hardship on an attorney trying to start over. Consequently, on the issue of costs, I dissent.

¶ 29. I am authorized to state that Justice WILLIAM A. BABLITCH joins this concurring/dissenting opinion.

■■■■■■■■■■

SCR 21.04, and SCR 21.05 can be read as not permitting such an assignment, and a rule change to clarify the language to explicitly permit the assignment of outside counsel is highly recommended."

The new version of SCR 22.24(1) reads: "The supreme court may assess against the respondent all or a portion of the costs of a proceeding in which it imposes discipline and enter a judgment for costs." An amendment to this rule is presently under consideration to "clarify" that costs may be imposed in a reinstatement proceeding. *In the Matter of the Petition For Amendments to Supreme Court Rules Relating to the Lawyer Regulation System,* Petition 01–12 at pages 26–27.