# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2003AP3348-D, 2004AP2633-D, 2007AP2653-D, 2011AP584-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael D. Mandelman, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>       Complainant-Respondent, <br>   v. <br> Michael D. Mandelman, <br>       Respondent-Appellant. |

ON THE PETITION FOR REINSTATEMENT OF MANDELMAN

| | |
|---|---|
| OPINION FILED: | May 24, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, J., dissents (opinion filed). |
| NOT PARTICIPATING: | A.W. BRADLEY, J., did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.    2003AP3348-D
       2004AP2633-D
       2007AP2653-D
        2011AP584-D

STATE OF WISCONSIN    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Michael D. Mandelman, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant-Respondent,**

  **v.**

**Michael D. Mandelman,**

       **Respondent-Appellant.**

**FILED**

**MAY 24, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.    *Reinstatement denied.*

¶1    PER CURIAM.    We review, pursuant to Supreme Court Rule (SCR) 22.33(3),[1] a report filed by Referee James W. Mohr, Jr., recommending the court reinstate the license of Attorney

---

[1] SCR 22.33(3) provides:  "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

Michael D. Mandelman to practice law in Wisconsin, with conditions. The Office of Lawyer Regulation (OLR) did not appeal the referee's recommendation. After fully reviewing this matter, we conclude that Attorney Mandelman has not satisfied the criteria required to resume the practice of law in this state, and we deny his petition for reinstatement. We also determine that Attorney Mandelman should be required to pay the costs of this reinstatement proceeding, which were $7,674.57 as of October 10, 2017.

¶2  The standards that apply to all petitions for reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1).[2]  In particular, the petitioning

---

[2] SCR 22.31(1) provides:

(1)  The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

2

attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26.

¶3    In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(k) and (4m).[3]  Thus, the petitioning

---

[3] SCR 22.29(4)(a)-(k) and (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(continued)

3

attorney shall demonstrate that the required representations in the reinstatement petition are substantiated.

¶4   When reviewing referee reports in reinstatement proceedings, we utilize standards of review similar to those we use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are clearly erroneous.   On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis.   In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334

---

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

4

Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶5 Attorney Mandelman was licensed to practice law in Wisconsin in 1980. He has been the subject of seven disciplinary proceedings. His license has been suspended or revoked since 2006.

¶6 In 1990, Attorney Mandelman was suspended for one year for 27 counts of misconduct that affected more than a dozen clients. The complaint included misconduct from 1985 and involved multiple counts of failing to act with diligence, failing to promptly return files to clients, simultaneously representing multiple clients with adverse interests, settling a client's claim without authorization, failing to communicate with clients, and making a misrepresentation to the former Board of Attorneys Professional Responsibility (BAPR), In re Disciplinary Proceedings Against Mandelman, 158 Wis. 2d 1, 460 N.W.2d 749 (1990). In this, Attorney Mandelman's first disciplinary proceeding, the referee expressed concern about the "pattern of a large number and repeated offenses over a period of several years." This court commented that the misconduct "establish[ed] a definite pattern of Attorney Mandelman's disregard of very basic ethical obligations of lawyers." Id.

¶7 When that suspension ended, Attorney Mandelman petitioned for reinstatement of his license. The court denied his reinstatement petition on two grounds: additional professional misconduct was discovered, including his post-

5

suspension violation of the rules governing the handling of his client trust account and, during the reinstatement proceeding itself, he gave incomplete and evasive responses to the district committee and to the BAPR.

¶8 In response to the additional professional misconduct, the court suspended Attorney Mandelman's license for 18 months, imposed consecutive to the termination of the earlier suspension. In re Disciplinary Proceedings Against Mandelman, 182 Wis. 2d 583, 514 N.W.2d 11 (1994). That misconduct included failing to act with diligence, failing to respond to clients' requests for information, failing to refund a client's retainer, violating the rules regarding trust accounts following his 1990 suspension, and failing to provide complete and accurate responses to BAPR. Id.

¶9 In 1995, we reinstated Attorney Mandelman's license with certain conditions that were intended to ensure that Attorney Mandelman remained compliant with our rules. Unfortunately, those conditions did not accomplish the desired result.

¶10 In 1999, Attorney Mandelman received a consensual private reprimand for making a false statement of fact to a tribunal. Private Reprimand No. 1999-18 (electronic copy available at https://compendium.wicourts.gov/app/raw/002085.html).

¶11 On December 12, 2003, the OLR filed a complaint alleging 13 counts of misconduct. The parties litigated the

6

case vigorously, and, in 2006, we suspended Attorney Mandelman for nine months for multiple instances of misconduct, including failing to act with reasonable diligence, failing to utilize a written fee agreement in a medical malpractice case, and persuading a client to sign a release of claims against him without the client obtaining independent representation. In re Disciplinary Proceedings Against Mandelman, 2006 WI 45, 290 Wis. 2d 158, 714 N.W.2d 512.

¶12 In 2006, Attorney Mandelman also received a separate consensual private reprimand for drawing a check from his business account to make a mortgage payment of a personal injury client. Private Reprimand No. 2006-21 (electronic copy available at https://compendium.wicourts.gov/app/raw/001927.html).

¶13 In 2009, Attorney Mandelman, who had not been reinstated, was suspended for one year for additional misconduct that included collecting a fee without performing any work for the client, failing to provide the client with a written settlement statement, retaining a client's funds for more than four years, making misrepresentations to a client, failing to obtain a client's signature on a settlement check and failing to deposit the settlement funds into the client trust account, and failing to provide a client's file and funds to the client. In re Disciplinary Proceedings Against Mandelman, 2009 WI 40, 317 Wis. 2d 215, 765 N.W.2d 788.

¶14 On August 1, 2014, in the wake of the discovery of still more misconduct, this court revoked Attorney Mandelman's license to practice law, pursuant to a stipulation between Attorney Mandelman and the OLR. In re Disciplinary Proceedings Against Mandelman, 2014 WI 100, 358 Wis. 2d 179, 851 N.W.2d 401. The misconduct in the revocation proceeding involved 22 counts of misconduct for Attorney Mandelman's handling of trust accounts and funds, including commingling personal and business funds with client trust funds, converting client trust funds by engaging in trust account transactions that left negative balances in his own subsidiary accounts, failing to deliver trust funds to a client over a period of years, failing to keep complete and accurate trust account records, and on multiple occasions, filing income tax returns that were false. Attorney Mandelman's misconduct also included lack of diligence in a matter, failing to notify a client of his suspension in another, and providing a false affidavit to the OLR. Id.

¶15 The revocation was made retroactive to May 29, 2009, the effective date of a prior one-year suspension from which Attorney Mandelman had not been reinstated. Accordingly, he was immediately eligible to file a reinstatement petition, and he did so on August 5, 2014.

¶16 We denied that petition. In re Disciplinary Proceedings Against Mandelman, 2015 WI 105, 365 Wis. 2d 457, 871 N.W.2d 682. We observed:

8

The scope and seriousness of Attorney Mandelman's prior misconduct reveals a lawyer who lacked a proper understanding of and attitude toward the standards that are imposed upon members of the bar.

. . .

Attorney Mandelman has accepted responsibility for his misconduct, but the mitigating effect of his acceptance of responsibility must be viewed in relation to his extensive disciplinary history along with the number of counts and the nature of his misconduct. The hard work Attorney Mandelman has undertaken to restructure his life and pay past due obligations to clients, creditors, and the court system is commendable, but not sufficient to demonstrate that reinstatement is appropriate at this time. He has cleaned up his act; now he must stay the course. This record lacks sufficient evidence that things will be different if he is reinstated to the practice of law again.

¶17 On March 21, 2017, Attorney Mandelman filed a second petition for the reinstatement of his license to practice law in Wisconsin. The OLR filed a response on July 31, 2017, stating that it did not oppose Attorney Mandelman's reinstatement but recommended that if reinstated, his practice be subject to certain conditions.

¶18 The referee conducted a public hearing on August 31, 2017. Attorney Mandelman testified on his own behalf and called seven additional witnesses, including four attorneys, an architect, an employer, his faculty advisor, and a friend who credits Attorney Mandelman with offering her emotional support and encouraging her to obtain treatment.[4] The referee noted that

---

[4] Several additional letters supporting Attorney Mandelman's petition were also received into evidence.

9

many of these witnesses were not aware of Attorney Mandelman's prior disciplinary problems, but all spoke to his current demeanor and felt that he was intelligent, hard-working, responsible, and trustworthy. The referee described their testimony in support of Attorney Mandelman's reinstatement as "honest and sincere." The referee filed his report on September 20, 2017, recommending conditional reinstatement.

¶19 Many of the criteria we consider in reinstatement proceedings focus on what the lawyer has done since suspension or revocation. The referee found, and we agree, that Attorney Mandelman has satisfied these criteria. The referee found that Attorney Mandelman had proven by clear and convincing evidence that he sincerely desires to have his license reinstated, SCR 22.29(4)(a); that he has not practiced law during the periods of his suspension and revocation, SCR 22.29(4)(b); that he has complied with the terms of the suspension and revocation orders, SCR 22.29(4)(c);[5] that he has maintained competence and learning in the law, SCR 22.29(4)(d);[6] that his conduct since the

---

[5] The referee noted that Attorney Mandelman has not yet paid the entire amount of costs owed to the OLR, but he has executed an installment agreement and is making payments as his resources permit. As the referee noted, Attorney Mandelman's level of debt is a concern but that, alone, would not preclude his reinstatement.

[6] The referee noted that Attorney Mandelman is compliant with his CLE requirements, has completed a number of CLE courses, and has taken and successfully passed the Multistate Professional Responsibility Examination.

10

revocation has been exemplary and above reproach, SCR 22.29(4)(e);[7] and that he has complied with the SCR 22.26(1)(e) affidavit, SCR 22.29(4)(h).   In addition, Attorney Mandelman outlined his activities during his suspension and revocation as required by SCR 22.29(4)(k),[8] and stated that if reinstated, he wants to engage in the practice of civil litigation and work for a law firm or organization and to specialize in construction law, as required by SCR 22.29(4)(j). The referee found, further, that Attorney Mandelman has made restitution to or satisfied all claims of persons injured or harmed by his misconduct, as required by SCR 22.29(4)(4m).

¶20 We accept the referee's findings and conclusions on these requirements for reinstatement.

¶21 As the referee discerned, our concern in this reinstatement proceeding relates to whether Attorney Mandelman

---

[7] The referee noted that Attorney Mandelman's conduct has been exemplary both in avoiding any inappropriate behavior, and in affirmatively seeking employment, while at the same time helping others.

[8] Attorney Mandelman obtained a master's degree and as of the date of the reinstatement hearing had nearly completed a PhD in architecture at the University of Wisconsin-Milwaukee.  He has cared for an ailing mother, worked in a computer lab for the architecture department, assisting students by troubleshooting problems with computer equipment, and worked closely with department faculty and staff members.  He has been a property manager, taught classes to high school students, has been employed as a staff architect, worked at other part time jobs, and has assisted others in a counseling role.

11

has the moral character to practice law in this state, SCR 22.31(1)(a); whether the resumption of his practice would be detrimental to the administration of justice or subversive of the public interest, SCR 22.31(1)(b); whether he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with them, SCR 22.29(4)(f); and whether he can be safely recommended as a person fit to represent clients and to aid in the administration of justice in this state, SCR 22.29(4)(g).

¶22 The referee acknowledged the difficulty inherent in these assessments. He observed:

> No one can predict the future - certainly not this Referee. The judgment that is asked to be made is an intuitive one, based upon observation of witnesses, common sense and experience.
>
> I believe everyone lives with the hope that people can change themselves, and if they do, they are perhaps entitled to a second chance.
>
> After giving this matter a great deal of thought, and for the following reasons, I believe that time has arrived for Mr. Mandelman. I believe he has earned the right to resume practicing law, subject to a number of recommended restrictions, set forth below.

¶23 The referee concluded that Attorney Mandelman had met his burden of proof on these factors such that reinstatement, albeit conditional reinstatement, was appropriate. See Referee's Report at 14-15, Findings of Fact (FF) 18, FF 20-21 and Conclusions of Law (CL) 9-11.

12

¶24 We benefit from the referee's findings and conclusions, particularly when, as here, the referee has provided us with such a thoughtful and well-structured report. The ultimate determination of who may practice law in Wisconsin however, remains with this court.  We disagree with these specific findings and we reach a different conclusion of law with respect to SCRs 22.29(4)(f)-(g) and 22.31(1)(a)-(b).[9]

¶25 These criteria require us to undertake a comprehensive assessment of the lawyer and this includes consideration of the nature of the lawyer's underlying misconduct. See In re Disciplinary Proceedings Against Hersh, 108 Wis. 2d 450, 321 N.W.2d 927 (1982).  In In re Disciplinary Proceedings Against

---

[9] Specifically, we reject FF 18 (finding that "Mandelman now has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards in the future"); FF 20 (finding that "Mandelman can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the court"); and FF 21 (finding "Mandelman presently has the moral character to practice law in Wisconsin and that his resumption of the practice of law, under the conditions set forth below, will not be detrimental to the administration of justice or subversive of the public interest").

We reach a different conclusion of law than the referee with respect to CL 9 (concluding that "Mandelman has therefore satisfied the requirements of SCR 22.29(4)(f)"); CL 10 (concluding that "Mandelman therefore satisfied the requirements of SCR 22.29(4)(g)"); CL 11 (concluding that "Mandelman has satisfied the requirements of SCR 22.31(1)(a) and (b)").

13

Penn, 2002 WI 5, ¶8, 249 Wis. 2d 667, 638 N.W.2d 287, this court
held:

> [T]he referee conducting a hearing on the petition for
> reinstatement must engage in a full and unrestricted
> evaluation of the petitioner's past, present, and
> predicted future behavior, as well as any other
> relevant information going to the issue of whether the
> petitioner has the moral character to practice law in
> this state and whether his or her resumption of the
> practice of law would be detrimental to the
> administration of justice or subversive to the public
> interest.

¶26 From Attorney Mandelman's very first disciplinary
proceeding in 1990, we observed a "definite pattern of Attorney
Mandelman's disregard of very basic ethical obligations of
lawyers." Since then, Attorney Mandelman has come before this
court many times, each time having committed serious misconduct
that affected numerous clients and encompassed not only neglect,
but dishonesty and fraud. In 1995, we tried conditional
reinstatement. It failed. Five disciplinary proceedings
ensued, culminating in Attorney Mandelman's license revocation.

¶27 As a result of his pervasive, serious, and very
troubling pattern of misconduct, Attorney Mandelman has created
a heavy burden for himself. We conclude that Attorney Mandelman
has failed to meet his burden to prove to this court that he
possesses the requisite moral character to practice law in this
state, that he has a proper understanding of and attitude toward
the standards imposed upon members of the bar, that he will act
in conformity with those standards, and that he can be safely

14

recommended as a person fit to be consulted by others, to represent them, and to otherwise act in matters of trust and confidence. See SCR 22.29(4)(f) and (g).

¶28 Moreover, we cannot say, with certainty, that the passage of time alone will be sufficient to persuade us that Attorney Mandelman will practice law in a manner that is honest, ethical, and above reproach.

¶29 We recognize that our holding today will leave Attorney Mandelman asking what else he can do to persuade this court to reinstate his law license. We recognize that he cannot undo his past misconduct. This conundrum does not mean, however, that this court is somehow compelled to reinstate his license. An attorney whose license was suspended or revoked for misconduct has no right to reinstatement. Lathrop v. Donohue, 10 Wis. 2d 230, 237, 102 N.W.2d 404, 408 (1960) (observing that the practice of law is not a right but a privilege). Nothing in our prior attorney disciplinary decisions implies that a petitioner for reinstatement enjoys a presumption of rehabilitation upon the expiration of a specified term of suspension, much less revocation. In re Disciplinary Proceedings Against Hyndman, 2002 WI 6, ¶4, 249 Wis. 2d 650, 638 N.W.2d 293.

¶30 This assessment is not intended to be punitive. Attorney Mandelman deserves much credit for his impressive accomplishments and we have every confidence that he has the capacity to flourish and succeed in other professional and

15

personal endeavors. Rather, the primary justification for the moral character requirement embodied in our reinstatement rules is to protect the public, the courts, and the legal profession. Any doubt concerning a lawyer's moral character should be resolved in favor of protecting the public by denying the petition for reinstatement.

¶31 With respect to the costs of this reinstatement proceeding, it is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). We find no extraordinary circumstances that would warrant a reduction in the costs imposed and we find it appropriate to assess the full costs of the reinstatement proceeding against Attorney Mandelman.

¶32 IT IS ORDERED that the petition for reinstatement is denied.

¶33 IT IS FURTHER OREDERED that within 60 days of the date of this order, Michael D. Mandelman shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $7,674.57 as of October 10, 2017.

¶34 ANN WALSH BRADLEY, J., did not participate.

16

¶35 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I dissent because I conclude that the court is not consistent in its rulings on reinstatements. <u>See</u> Petition for Readmission After Voluntary Resignation of Keith B. Daniels, Jr., unpublished order (Apr. 20, 2018) (Ann Walsh Bradley, J., dissenting) (highlighting the court's failure to explain inconsistent results of two similarly situated petitioners). The court's failure to properly explain its inconsistent decisions raises due process concerns.