# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP998-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Brett R. Blomme, Attorney at Law: |
| | Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>Brett R. Blomme,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BLOMME

| | |
|---|---|
| OPINION FILED: | November 25, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

JUSTICES:

Per Curiam. ZIEGLER, C.J., filed a concurring opinion, in which REBECCA GRASSL BRADLEY, HAGEDORN, and KAROFSKY, JJ., joined. ROGGENSACK, J., filed a concurring opinion in which REBECCA GRASSL BRADLEY and KAROFSKY, JJ., joined.

NOT PARTICIPATING:

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP998-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Brett R. Blomme, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

   **v.**

**Brett R. Blomme,**

      **Respondent.**

**FILED**

**NOV 25, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Brett R. Blomme has filed a petition for the consensual revocation of his license to practice law in Wisconsin pursuant to Supreme Court Rule (SCR) 22.19. Attorney Blomme's petition states that he cannot successfully defend against an Office of Lawyer Regulation (OLR) investigation of professional misconduct related to his conviction, entered following a guilty plea, of two federal felonies; namely, two counts of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2). Attorney

Blomme's petition attaches the OLR's summary of misconduct being investigated. The OLR's misconduct summary attaches a number of documents, including a copy of Attorney Blomme's federal sentencing transcript.

¶2 Attorney Blomme was admitted to the practice of law in Wisconsin in 2010. He has not previously been the subject of professional discipline. However, his law license is currently administratively suspended for failure to pay state bar dues and failure to comply with trust account certification requirements. The OLR also sought and obtained a summary suspension of Attorney Blomme's law license in early 2022, as described in more detail below.

¶3 According to information obtained from the court's file of the proceedings in this matter, the CCAP and WSCCA websites,[1] and the materials attached to the OLR's misconduct summary, in March 2021, the State filed a criminal complaint against Attorney Blomme alleging that he possessed child pornography during a time period in which he served as a judge in the Children's Division of Milwaukee County Circuit Court ("Children's Court"). On the same day the State filed the criminal complaint, this court issued an order temporarily prohibiting Attorney Blomme from exercising the powers of a circuit court judge and temporarily withholding his judicial salary, effective the date of the order and until further order

---

[1] CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs. WSCCA is an acronym for Wisconsin Supreme Court and Court of Appeals Access. These government websites reflect information entered by court staff.

of the court. See Wis. Const. art. VII, § 3(1) (conferring this court with superintending and administrative authority over all courts in the state).

¶4 In May 2021, Attorney Blomme was charged in federal court with two counts of distributing child pornography. He later pled guilty to both counts. In December 2021, Attorney Blomme was convicted and sentenced in federal court to 108 months in prison on each count, to be served concurrently, followed by 20 years of supervised release. According to CCAP records, shortly after Attorney Blomme's federal conviction and sentencing, the state charges against Attorney Blomme were dismissed.

¶5 In January 2022, the OLR moved under SCR 22.20 for a summary suspension of Attorney Blomme's Wisconsin law license based on his federal conviction. On February 16, 2022, this court granted the motion and suspended Attorney Blomme's law license until further order of the court. In May 2022, this court found good cause to continue this summary suspension. See SCR 22.20(6) (providing that, within two months of the effective date of a summary suspension, the OLR is required to either file a disciplinary complaint or show cause why the summary suspension should continue). Attorney Blomme's law license remains suspended.

¶6 According to the OLR's misconduct summary, the OLR has concluded that Attorney Blomme's conduct leading to his federal conviction for distributing child pornography violated SCR 20:8.4(b). See id. (providing that "[i]t is professional

3

misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects").

¶7 In his petition for consensual revocation, Attorney Blomme asserts that he is seeking the consensual revocation of his license freely, voluntarily, and knowingly. He states that he cannot successfully defend himself against the allegations of misconduct set forth above and more fully described in the OLR's summary. He understands that he is giving up his right to contest the allegations referenced in the OLR's misconduct summary. He acknowledges that if the court grants the petition and revokes his license, he will be subject to the requirements of SCR 22.26 and, should he ever wish to seek the reinstatement of his license, the reinstatement procedure set forth in SCRs 22.29-22.33. He acknowledges that he is represented by counsel in this disciplinary matter.

¶8 The OLR has filed a recommendation on Attorney Blomme's petition for consensual license revocation. The OLR notes that Attorney Blomme was serving as a Milwaukee County Children's Court judge at the time of the misconduct; that his crimes were "extraordinarily serious, by their nature and by virtue of the position Blomme held"; and that "his misconduct brought tremendous disrepute to the legal profession and the courts." The OLR states that revocation is warranted and necessary.

¶9 Having reviewed Attorney Blomme's petition for consensual revocation, the OLR's misconduct summary, and the

4

OLR's recommendation on Attorney Blomme's petition, we accept Attorney Blomme's petition for the consensual revocation of his Wisconsin law license. We note that, according to the federal sentencing transcript attached to the OLR's misconduct summary, the sentencing judge described some of the child pornography involved in Attorney Blomme's case as "the worst of the worst." The judge also noted that Attorney Blomme's wrongdoing "wasn't just the possession" but also "the selection and distribution of particularly virulent child pornography." The judge also voiced concern that Attorney Blomme "committed [his] crimes in part at the courthouse" where he was responsible for cases involving children who had been abused. The judge described Attorney Blomme's behavior as "a huge stain on the reputation of the judiciary."

¶10 This is clearly the type of criminal conduct that "is so revealing of character defects, and so undermines public confidence in the legal profession, that it necessarily reflects adversely on an attorney's fitness as a lawyer." See In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶38, 353 Wis. 2d 746, 847 N.W.2d 179, citing In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶51, 305 Wis. 2d 71, 740 N.W.2d 125 (attorney's illegal drug use with clients showed "a disregard for the law" that "reflect[ed] adversely not only on the lawyer's fitness, but on the profession as a whole"). The seriousness of Attorney Blomme's criminal conduct in distributing child pornography is magnified by the fact that it occurred during a time in which he served as a circuit court

judge——a Children's Court judge, no less. Public trust in our court system depends upon public trust in the integrity of its judges. Attorney Blomme's blatant disregard for the law during the time he sat on the judicial bench jeopardizes public confidence in the courts and reflects adversely on the entire bar. See In re Disciplinary Proceedings Against Penn, 201 Wis. 2d 405, 406, 548 N.W.2d 526 (1996) (noting that the seriousness of a district attorney's illegal drug use was "exacerbated by the fact that it occurred in the context of his official position as district attorney, a position of public trust in the legal system to which the people of his county elected him," and thereby "caused significant and unjustified damage to the public's perception of the integrity of law enforcement personnel throughout the county.")

¶11 Given the egregious nature of Attorney Blomme's misconduct, anything less than a revocation of his law license would unduly depreciate the seriousness of his misconduct, fail to protect the public and the court system from further misconduct, and inadequately deter similar misbehavior by other attorneys. Revocation is clearly deserved.[2]

¶12 Because this matter is being resolved via a petition for consensual revocation without the need to appoint a referee or hold an extensive hearing, we do not impose costs on Attorney Blomme. No restitution was sought and none is ordered.

---

[2] Although three justices join the concurrence authored by Chief Justice Ziegler, that fact does not effect a change to our current rule governing license revocation. See SCR 22.29(2).

¶13 IT IS ORDERED that the petition for consensual license revocation is granted.

¶14 IT IS FURTHER ORDERED that the license of Brett R. Blomme to practice law in Wisconsin is revoked, effective the date of this order.

¶15 IT IS FURTHER ORDERED that, to the extent he has not already done so, Brett R. Blomme shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶16 IT IS FURTHER ORDERED that the administrative suspension of Brett R. Blomme's license to practice law in Wisconsin, due to his failure to pay state bar dues and failure to comply with trust account certification requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶17 ANNETTE KINGSLAND ZIEGLER, C.J. *(concurring).* I concur in the court's order revoking Attorney Blomme's license to practice law in Wisconsin. I write separately to point out that in Wisconsin the "revocation" of an attorney's law license is not truly revocation because the attorney may petition for reinstatement after a period of five years. See SCR 22.29(2). The facts of this case demonstrate the kind of lawyer conduct that warrants revocation, with no ability to seek reinstatement. I believe that when it comes to lawyer discipline, courts should say what they mean and mean what they say. We should not be creating false perceptions to both the public and to the lawyer seeking to practice law again. See In re Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302 (Ziegler, J., dissenting). And, as I stated in my dissent to this court's order denying Rule Petition 19-10, In the Matter of Amending Supreme Court Rules Pertaining to Permanent Revocation of a License to Practice Law in Attorney Disciplinary Proceedings, I believe there may be rare and unusual cases that would warrant the permanent revocation of an attorney's license to practice law. See S. Ct. Order 19-10 (issued Dec. 18, 2019) (Ziegler, J., dissenting).

¶18 For the foregoing reasons, I respectfully concur.

¶19 I am authorized to state that Justices REBECCA GRASSL BRADLEY, BRIAN HAGEDORN, and JILL J. KAROFSKY join this concurrence.

1

¶20 PATIENCE DRAKE ROGGENSACK, J. *(concurring).* I agree with the court's decision today to revoke the law license of Brett R. Blomme. I write separately to address my concern over the lack of action taken by the Judicial Commission.

¶21 In our decision today, the court notes in closing what we do and do not decide. Attorney Blomme is before us only as a member of the bar, not as a judicial officer who presided in children's court. He committed criminal misconduct involving child pornography while he held judicial office, and acted, in part, from within the courthouse itself. Although today we revoke Attorney Blomme's law license, it causes me to pause and consider the lack of action by the Judicial Commission.

¶22 Blomme was arrested on March 16, 2021, and did not formally resign his seat on the Milwaukee County Circuit Court until much later, on September 1, 2021. In all that time, the Judicial Commission took no public action.

¶23 Over 600 days have passed since Blomme was arrested at his residence and taken into custody on March 16, 2021. Blomme was formally charged in Dane County Circuit Court with seven felony counts of possession of child pornography on March 17, 2021 (Dane County Case No. 2021CF647). Blomme made his initial appearance in Dane County Circuit Court on March 17, when he was released on signature bond.

¶24 Also on March 17, 2021, this court took immediate action and issued an order "temporarily prohibit[ing]" Blomme from exercising the powers of a circuit court judge in the State of Wisconsin and temporarily withholding his judicial salary

1

"effective [March 17, 2021] and until further order of the court." The Judicial Commission took no public action.

¶25 About two months later, on May 12, 2021, Blomme was indicted on federal charges. The federal indictment set out two felony child pornography distribution charges. See United States v. Blomme, No. 21-cr-49-jdp (W.D. Wis.). He was arraigned in federal court on May 19, 2021, and was ordered to be detained and taken into federal custody. Still, the Judicial Commission took no public action.

¶26 Nearly four months after the federal indictment, and nearly six months after the state charges were filed in Dane County Circuit Court, on September 1, 2021, Blomme formally resigned his seat on the Milwaukee County Circuit Court. Later that month, on September 28, 2021, Blomme (while still in federal custody) entered guilty pleas to two counts of felony child pornography distribution in the United States District Court for the Western District of Wisconsin. On December 22, 2021, Blomme was sentenced to 108 months in prison on each count, to be served concurrently, followed by 20 years of supervised release.

¶27 Under Blomme's plea agreement, the Dane County case was dismissed after he was sentenced in federal court. The Judicial Commission took no action.

¶28 As stated earlier, it appears over 600 days have passed from the date Blomme was arrested in March of 2021. Notably, no public action was ever taken by the Judicial

2

Commission.  The Judicial Commission protects the public.  I am concerned by their inaction.

¶29  I am authorized to state that Justices REBECCA GRASSL BRADLEY and JILL J. KAROFSKY join this concurrence.