# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP869-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against David V. Penn, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>David V. Penn,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PENN

| | |
|---|---|
| OPINION FILED: | August 25, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2023AP869-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Medical Incapacity Proceedings Against David V. Penn, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

    **v.**

**David V. Penn,**

       **Respondent.**

**FILED**

**AUG 25, 2023**

Samuel A. Christensen
Clerk of Supreme Court

The Court entered the following order on this date:

¶1 Attorney David V. Penn was admitted to the practice of law in Wisconsin in 1986 and practices law in northern Wisconsin. In 1996, this court suspended Attorney Penn's license to practice law for two years based on his drug use and multiple violations of the Rules of Professional Conduct for Attorneys while he was serving as the Vilas County District Attorney. In re Disciplinary Proc. Against Penn, 201 Wis. 2d 405, 407, 548 N.W.2d 526 (1996). Attorney Penn's license to

practice law was reinstated in 2002. <u>In re Disciplinary Proc. Against Penn</u>, 2002 WI 5, 249 Wis. 2d 667, 638 N.W.2d 287.

¶2 On February 21, 2023, this court issued an order temporarily suspending Attorney Penn's license to practice law after concluding that his continued practice of law posed a threat to the interests of the public and the administration of justice under Supreme Court Rule (SCR) 22.21(1).[1] <u>See</u> <u>OLR v. Penn</u>, 2023XX16-D (Feb. 21, 2023 Order, as amended Feb. 27, 2023).

¶3 On May 17, 2023, the Office of Lawyer Regulation (OLR) filed a petition, pursuant to SCR 22.34,[2] requesting that Attorney Penn be found to have a medical incapacity and that the court indefinitely suspend Attorney Penn's license to practice law in Wisconsin. On July 19, 2023, before a referee was appointed, the OLR and Attorney Penn filed a stipulation pursuant to SCR 22.34(10).[3] Both the OLR and Attorney Penn

---

[1] SCR 22.21(1) provides:

The supreme court, on its own motion, upon the motion of the director, or upon the motion of a special investigator acting under SCR 22.25, may suspend temporarily an attorney's license to practice law where it appears that the attorney's continued practice of law poses a threat to the interests of the public and the administration of justice.

[2] SCR 22.34 governs medical incapacity proceedings. SCR 22.001(8) defines "medical incapacity" as a "physical, mental, emotional, social or behavioral condition that is recognized by experts in medicine or psychology as a principal factor which substantially prevents a person from performing the duties of an attorney to acceptable professional standards."

[3] SCR 22.34(10) provides, in pertinent part:

"jointly request the Court impose an indefinite suspension on Penn's license to practice law in Wisconsin." Attorney Penn "stipulates to all of the facts alleged and set forth in the Petition . . . . [and] agrees that the Court may use the allegations of the Petition as an adequate factual basis in the record for a determination that he suffers from a medical incapacity." The parties "agree that the appropriate remedy is an indefinite suspension of his Wisconsin law license."

¶4 The parties represent that the stipulation is not the result of plea bargaining and that "[i]t instead represents Penn's admission of a medical incapacity that substantially prevents him from performing the duties of an attorney to acceptable professional standards." Attorney Penn further represents and verifies that he fully understands his right to contest the OLR's allegations of medical incapacity, to see and cross-examine witnesses called by the OLR, to call witnesses and present testimony and evidence on his own behalf, to require the OLR to prove its allegations by clear, satisfactory and convincing evidence, and to make arguments to the referee that the OLR has failed to meet its burden of proof. Attorney Penn further avers that he understands the ramifications of his entry

---

The petition may be accompanied by a stipulation of the director and the respondent to a suspension or to the imposition of conditions on the respondent's practice of law. The supreme court may consider the petition and stipulation without the appointment of a referee. If the supreme court approves the stipulation, it shall issue an order consistent with the stipulation. . . .

into the stipulation, that he has the right to consult counsel, and that his entry into the stipulation is made knowingly and voluntarily.

¶5 Having reviewed the record in this matter, the court approves and adopts the parties' stipulation pursuant to SCR 22.34(10). The court finds that Attorney Penn currently suffers from a medical incapacity that substantially prevents him from performing the duties of an attorney to acceptable professional standards.

¶6 IT IS ORDERED that the petition is granted.

¶7 IT IS FURTHER ORDERED that Attorney David V. Penn's license to practice law is indefinitely suspended, effective the date of this order.

¶8 IT IS FURTHER ORDERED that because this matter was resolved by stipulation without the need for appointment of a referee, no costs are imposed relating to this medical incapacity proceeding.

¶9 IT IS FURTHER ORDERED that, to the extent he has not already done so, Attorney David V. Penn shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

4

1